## HENDERSON v. HOPPE.

Where one person brought an equitable petition against another employed by him as a contractor to build a house, and alleged therein that the latter had violated the terms of his contract in divers particulars, and prayed that he be required to vacate and turn over to petitioner the premises and all material thereon, and be enjoined from interfering with him in the further prosecution of the work; and it appears that, upon the passage of an order granting the relief prayed for, a bill of exceptions was sued out to this court, but that no supersedeas was obtained, and it further appears, upon the call of the case in this court, that petitioner had, since the passage of the order above referred to, completed the house and was occupying the same: *Held,* that this court will not undertake to decide the questions made in the record, but will dismiss the writ of error without prejudice.

Argued February 14, 15, — Decided March 23, 1898.

Motion to dismiss writ of error.

*Morris & Green* and *Clay & Blair,* for plaintiff in error.
*Enoch Faw* and *J. Z. Foster,* contra.

Cobb, J.　Hoppe brought his petition against Henderson, a contractor engaged in building a house upon the plaintiff's premises, for an injunction to require the defendant to desist from further proceeding with the work, and to require him to vacate and turn over to plaintiff the premises and all material thereon, plaintiff alleging that the contract under which the work was to be done was being violated by defendant in divers particulars set out in the petition.　The defendant answered, denying the material allegations of the petition.　The court, after hearing evidence, passed an order as follows:　"It is ordered that the defendant be enjoined and restrained from interfering with the petitioner or his superintendent, from proceeding to finish and complete said house under the terms of the contract, or from in any way interfering therewith.　This order is conditional upon the payment to defendant by petitioner of all the contract price, except five hundred dollars, previous to taking possession thereof."　To the passage of this order the defendant excepted.　When the case was called in its order in this court, an affidavit of the defendant in error was submitted, which in substance showed that no supersedeas was obtained when the bill of exceptions was certified, and that since the granting of the relief prayed for the defendant in error had completed the house and had done everything which was to have been done by Henderson under the contract, and that he was in possession of the house, and there was no further work to be done.　Upon this affidavit being submitted, a motion was made to dismiss the writ of error, upon the ground that it would be useless to decide the questions involved in the record, there being nothing for the judgment of this court to operate upon if the judgment was reversed; that if it be determined by this court that the injunction should not have been granted, it would be impossible to restore the status as it was at the time that the injunction was granted, unless the house should be altered by order of this court in such a way as to put it in the same condition, and to make it present the same appearance as it did at the time that the litigation began.　This, of course, would not be done, even if the court has the power to make such an order.　While the plaintiff in error does not

in terms admit the statements made in the affidavit of defend-
ant in error, still the counter-affidavit filed does not deny the
substantial facts therein contained.    We think this brings the
case clearly within the previous rulings of this court, and are
therefore constrained to dismiss the writ of error.    See *Atlanta
& Florida Railroad Company* v. *Blanton*, 80 *Ga.* 563; *Thornton*
v. *Manchester Co.*, 97 *Ga.* 342; *Cranston* v. *Bank of the State of
Georgia*, Id. 406.    We desire, however, to be distinctly under-
stood as ruling simply that we will not undertake to decide the
questions raised by the pleadings and the evidence in this case.
Nothing in this judgment dismissing the writ of error is to be
construed in any way as affecting the rights of the parties to
this litigation.    It does not operate as an affirmance of the
judgment granting the injunction, and is not intended to de-
cide in any way that the injunction was properly granted.    If
the injunction was properly granted, then the plaintiff in error
has not been hurt.    If the injunction was improperly granted,
and the plaintiff in error has been endamaged on account of
the plaintiff's suing it out, the plaintiff in error is entitled to
whatever remedies the law may give him against the defend-
ant in error to recover the damages sustained by him.    Whether
this should be done in a separate suit, if there is a right of ac-
tion, or whether by amendment to the answer, in the nature of
a cross-bill, appropriate relief can be obtained against the de-
fendant in error in the present case, are questions which we do
not now decide.    What we do decide, however, is that the judg-
ment dismissing this writ of error is not an adjudication of any
question growing out of the controversy between the parties to
the case.

*Writ of error dismissed, with direction.    All concurring.*