### 19833.   STANFIELD *v.* GOODRICH RUBBER COMPANY.

DECIDED AUGUST 23, 1929.

*P. M. Anderson,* for plaintiff in error.

*John P. Rabun, H. H. Elders,* contra.

LUKE, J. The defendant in error makes a motion to dismiss the bill of exceptions, on the ground that "since the brief of evidence in said case was approved by the presiding judge and since the motion for a new trial in said case was overruled, said brief has been altered favorably to plaintiff in error; that said alteration is of material evidence, and that a certificate of the presiding judge, showing in what manner said brief has been altered, is hereto attached, . . marked Exhibit A, and made a part of this motion." The presiding judge's certificate attached to the motion to dismiss is as follows: "This will certify that the brief of evidence in the above-stated case *has been altered* since the same was finally approved by the court and since the motion for new trial in said case was overruled; that at the time said brief of evidence was approved and at the time said motion for new trial was overruled by me there had been added to the testimony of the witness S. O. Sikes in my handwriting in pen and ink, on page 3 I think, certain. testimony of S. O. Sikes which had been insisted on by John P. Rabun, attorney for plaintiff, *which was very material testimony for the plaintiff,* and it is my recollection that the testimony so included was substantially that: that he, Sikes, had not agreed with D. L. Stanfield for him to have the $49.90 draft, that he regarded the draft as the property of B. F. Goodrich Rubber Company, and I rather think there was something additional, but my recollection is not clear as to that. I do not know whether the other testimony contained in the brief is correct or not, but *I do know that the sheet of paper in the brief that had my pen writing in it has been taken out of the brief and one other sheet added, and that part of the approved brief is gone.* From an inspection of the brief in its present condition it looks to me as if page 3 is either of a different paper or of a different age of same paper. The color is different. I regret very much the necessity of this certificate, but I do not care to be imposed upon or have you imposed upon by such a record. I don't know who changed the record. However, I am satisfied that P. M. Anderson, the attorney for the defendant, would not have done this or permitted any one else to have done this if he had known it." (Italics ours.) It will be noted that while the trial judge can only certify to his best recollection as to what changes

were made, he does positively certify that the brief of evidence "has been altered since the same was finally approved by the court and since the motion for a new trial in said case was overruled." To this motion and certificate of the trial judge no opposition or counter-showing was made.

In the case of *Henderson* v. *Hoppe,* 103 *Ga.* 685, 686 (30 S. E. 653), a motion to dismiss the writ of error was based on an affidavit, and the Supreme Court said: "While the plaintiff in error does not in terms admit the statements made in the affidavit of defendant in error, still the counter-affidavit filed does not deny the substantial facts therein contained. We think this brings the case clearly within the previous rulings of this court, and are therefore constrained to dismiss the writ of error." We thus have a record before us in the instant case which undisputedly has been altered and is not a true record. The motion to dismiss the bill of exceptions was duly served upon counsel for the plaintiff in error, and the facts set forth in the certificate of the presiding judge attached to the motion have not been denied. Upon the authority of *Sumner* v. *Sumner,* 116 *Ga.* 798 (43 S. E. 57), and *Moss* v. *Myers,* 12 *Ga. App.* 68 (76 S. E. 768), the writ of error must be dismissed.

*Writ of error dismissed. Broyles, C. J., and Bloodworth, J., concur.*