26981. BOARD OF COMMISSIONERS OF WALTON COUNTY v. DEPARTMENT OF PUBLIC HEALTH et al.

HAWES, Justice. The State of Georgia, by and through the Georgia Department of Public Health, filed a complaint in the Superior Court of Walton County against the City of Social Circle seeking a temporary and permanent injunction against the city to restrain the maintenance and operation by the city of a garbage dump in violation of the Georgia Department of Public Health's rules and regulations. The trial court issued a rule nisi commanding the defendant to show cause on October 23, 1971, why the demands of the plaintiff's complaint should not be granted. At the same time the court issued an ex

parte restraining order restraining the defendant "from continuing to fail to act in accordance with the Georgia Department of Public Health's rules and regulations and from continuing to operate and maintain a public nuisance." The hearing on the temporary injunction was continued until October 30th, and, on that date, the City of Social Circle filed its answer, together with a motion that the Board of Commissioners of Walton County, Georgia, be made a party to the proceeding. On that motion, the trial court issued a rule nisi commanding it to show cause before the court on the 10th day of November, 1971, why the board should not be made a party defendant in the case. That order was served on the chairman of the board on the same day, to wit, October 30, 1971. On November 10, 1971, when the case came on to be heard, the trial court, after hearing evidence and argument of counsel, passed an order making the Commissioners of Roads and Revenues of Walton County a party defendant. Thereafter, a judgment temporarily enjoining the defendants from continuing to violate the public health regulations of the State of Georgia in the operation and maintenance of the garbage dump in question located within the City of Social Circle was entered. As a part of the restraining order, the court found "that a correction of the situation requiring the injunction can be effected by the use of county equipment and labor to construct a ditch which may be used as a land fill operation, and that this, insofar as the county is concerned, will constitute a compliance with the injunction which the court is issuing." The board of commissioners appealed from the judgment making it a party defendant in the case and from the judgment granting an interlocutory injunction. The grounds of enumerated error are that the court erred in granting the motion of appellee, the City of Social Circle, to add an additional party; in denying appellant's motion to dismiss the motion to add an additional party; in granting the interlocutory injunction, and, in thereby requiring the Walton County Board

of Commissioners to do a mandatory act. The City of Social Circle, as appellee, has filed in this court a motion to dismiss the appeal on the ground that the questions presented thereby are moot in that the county has complied with the order of the court by constructing the ditch referred to in the portion of the order quoted above. This motion to dismiss is supported by an affidavit of the Mayor of the City of Social Circle. The county has filed a supplemental brief in opposition to the motion to dismiss and supports its position by an affidavit of the Chairman of the Board of Commissioners of Walton County. In this affidavit, the chairman does not deny that the ditch has been constructed in accordance with the order of the court. *Held:*

1. The trial court did not err in ordering the Board of Commissioners of Walton County to be made a party defendant in the case. *Code Ann.* § 81A-119 (b).

2. Appellant urges that the construction of the ditch in accordance with the order should not render the case moot because appellant is being and will be urged by other municipalities located within the bounds of Walton County to perform the same service for those cities and that without direction from this court the county is faced with the dilemma of complying with such requests from other cities on the one hand or being faced with potential personal liability and "infamy" on the other hand. It is further urged that the county is not authorized to levy taxes for this purpose, has levied no taxes and, therefore, can make no expenditure of funds for the purpose of constructing ditches on municipal land fills. The sole question presented by the appeal and by the enumeration of errors on the final judgment is whether the court erred in granting the injunctive order appealed from. No such questions as are urged by the appellant in its brief in opposition to the motion to dismiss are presented by the grounds of enumerated error. In raising those questions on appeal, the appellant seeks to secure the opinion of this court on hypothetical and academic legal questions

not involved in this case and not shown yet to have arisen but which appellant fears may arise at some future time, and, in raising these questions, appellant seeks merely an advisory opinion of this court to guide appellant in its future course of conduct. This court is not authorized to render such an opinion.

It being conceded by the appellant in the affidavit attached to its brief that Walton County "by and through its duly authorized agents have, on two separate occasions, constructed a ditch approximately 400-500 feet long and 3-6 feet deep across a portion of the city garbage dump, the first occasion being November 25, 1971, Thanksgiving Day ... ," which date was subsequent to the order entered by the court from which the appeal is taken, it is apparent that under the principles set forth in *Howard v. Smith,* 226 Ga. 850 (178 SE2d 159), and followed in *Dennis v. City of Palmetto,* 226 Ga. 853 (178 SE2d 161) the questions presented by this appeal are moot and consequently the appeal must be dismissed.

3. The foregoing conclusion is not affected by the fact that the case is still pending in the trial court. In determining whether to enter a temporary injunction the trial court is vested with a wide discretion, especially where, as in this case, its decision rests on a mixed question of law and fact. Such a judgment is not res judicata or the law of the case until it is affirmed by the Supreme Court. *Cox v. Zucker,* 214 Ga. 44, 49 (102 SE2d 580). But, where an appeal from such a judgment is dismissed in this court the dismissal does not constitute an adjudication that the order granting the injunction was proper and it leaves the issues as to the merits of the case still pending in the trial court. *Henderson v. Hoppe,* 103 Ga. 684 (30 SE 653).

*Judgment making Walton County a party defendant affirmed; appeal from judgment granting temporary injunction dismissed. All the Justices concur, except Gunter and Jordan, JJ., who dissent.*

SUBMITTED FEBRUARY 14, 1972—DECIDED MAY 19, 1972.

*Sorrells, Hearn & Childers, George J. Hearn, III, William R. Childers, Jr.,* for appellant.

*H. O. Godwin, William L. Preston, C. Thomas Allgood, Jr., Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., Carl C. Jones, III, Assistant Attorneys General,* for appellees.

GUNTER, Justice dissenting. I dissent from this court's judgment affirming the judgment of the trial court which made the Board of Commissioners of Walton County a party defendant in this case.

Division 1 of the majority opinion merely says that the trial court did not err in ordering that the Board of Commissioners be made a party defendant in the case, citing *Code Ann.* § 81A-119 (b). This cited law says: "When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court, the court shall order them summoned to appear in the action." The words that must be emphasized in this quoted law are: *"who ought to be parties if complete relief is to be accorded between those already parties."* I am of the opinion that complete relief can be effected in the action below against the original defendant, the City of Social Circle; and the board of commissioners, a separate legal entity from the city, having no connection with the city-owned, city-operated garbage dump, ought not and can not, in my opinion, be made a party defendant in the action below.

The Department of Public Health originally brought this action against the city only, seeking to enjoin the city from continuing to operate its garbage dump in such a manner as to cause a nuisance. The record plainly shows that the city owned and operated the garbage dump. The record plainly shows that the board of commissioners had no relationship to or connection with the garbage dump with respect to its ownership or operation. The action was brought

to abate a nuisance. The owner and operator of the nuisance must abate it. The board of commissioners was not the owner or operator. Complete relief could have been accorded between the original parties to the action.

The trial court committed error, and I would reverse its judgment making the board of commissioners a party defendant in the case.

I respectfully dissent.