48141. RAINWATER CONSTRUCTION COMPANY, INC. v. O'CONNOR.

Pannell, Judge. Plaintiff-appellee, G. A. O'Connor, Jr., brought this action, as amended, in Fulton County Superior Court against defendant-appellant (Rainwater Construction Company, Inc.) for sales commissions on construction projects and punitive damages for fraud.

Appellee came to work for appellant as a salesman in 1966 and worked until May of 1969. Appellee contended that he began as a salesman for the company at a rate of commission of the profits on any construction job he obtained, provided the job made a profit of 10%. Appellant contended that the company's oral agreement with the salesmen was that they averaged out the jobs which each salesman bid so that those jobs which showed a profit would be offset by those jobs which showed a loss before the 20% commission was computed. The company's purpose behind the sharing of profit and losses before commissions were computed was to compel the salesmen to bid jobs carefully so that there would be a 10% gross profit.

Defendant-appellant's interoffice correspondence to the salesmen, including plaintiff-appellee, dated October 9, 1968, concerning commission payable on sales effective October 1, 1968, gives no indication that those jobs that showed a profit would be offset by those jobs which showed a loss before the 20% commission was computed.

Plaintiff-appellee stated that he could not recall any discussion or agreement that losses would be deducted from the profits of the contracts he made prior to computing his commissions. When presented with a summary statement for the period October 1, 1966, through September 30, 1968, in which losses were charged against commissions in 1968, he did not say anything about the

losses being charged against commissions. Appellee stated that he knew that the company was charging losses against the commissions but chose to remain silent "If I had started questioning his positions, I would have been fired. I decided to delay it until right now. . . Sometimes it is better not to say anything."

Appellee contended that $32,000 in losses were charged against the profits of his jobs prior to computing his commissions and that as a consequence his commissions were reduced by $6,444. He received monthly draws against earned commissions of $800. During his employment as a salesman he drew $40,374.35.

Appellant contended that appellee had received $10,069.35 in excess of commissions earned and that the company was entitled to either a set-off or a recoupment of such sum from appellee.

A post office job which was built on land sold by appellant produced the greatest controversy. Appellee claimed $66,560.22 was made. Appellant claimed the land cost more than the $85,000 — shown in the records — that it cost $135,000. Appellee alleged he was entitled to total commissions in the post office job of $17,000, which was $9,000 in addition to $8,000 he had already received. Appellant claimed the $8,000 was a compromise commission on the post office job because of the small amount of work done by appellee. Appellee denied agreeing to the compromise.

The jury verdict for plaintiff of $16,000 general damages and $2,500 punitive damages was made the judgment of the trial court. Defendant appeals from the judgment, from the overruling of defendant's motion for directed verdict and from the overruling of the general grounds; appellant enumerates errors alleging: 1. Failure to give defendant a set-off for the sums paid as commission advances and not credited against commissions earned. 2. The verdict is inconsistent. 3. The verdict for punitive or exemplary damages was contrary to the law and the greater weight of evidence. 4. There was no evidence to support a verdict for fraud in law or fact. 5. The verdict is excessive and there is no evidence to support a judgment in the amount returned on any theory of law.

1. The evidence presented by the plaintiff and defendant was in conflict in several particulars as to the amount of the commissions and as to how a proper commission would be mathematically arrived at, and we cannot say that the amount found, which could have and probably would include interest, was an amount not authorized by the evidence. The trial court

did not err in refusing to grant the motion for new trial by the defendant on the grounds that the verdict of the jury as to commissions was excessive and did not have evidence to support a verdict and judgment in the amount returned on any theory of law.

2. A defrauded party, when the fraud and deceit arises out of the contract, may keep the benefits of a contract and maintain the action for damages sustained by reason of the fraud. *Gem City Motors, Inc. v. Minton,* 109 Ga. App. 842 (1c) (137 SE2d 522). To establish the tort based on fraudulent representations, plaintiff must allege and prove: (1) that the defendant made the representations; (2) that at the time it knew that they were false (or what the law regards was the equivalent of knowledge); (3) that it made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied upon such representations; and (5) that the plaintiff sustained the alleged loss and damages as the proximate result of their having been made. *Gem City Motors v. Minton,* 109 Ga. App. 842, supra; *Young v. Hall,* 4 Ga. 95, 98; *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727 (16 SE2d 176). The evidence portrays a genuine dispute concerning the elements of cost of a building viz., whether the cost of land was a proper cost item for these purposes. There is no evidence that the plaintiff relied on the cost representations. On the contrary, there are positive indications the plaintiff had no intention to give up his claim for commission but merely intended to bide his time and bring suit. In the absence of proof that the plaintiff relied on the representation, a case of fraud was not made out.

Other enumerations of error are without merit.

*Judgment affirmed on condition that the plaintiff write off the amount of punitive damages; otherwise reversed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED MAY 2, 1973 — DECIDED JUNE 15, 1973 — REHEARING DENIED JUNE 29, 1973 —

*Johnson, Harper, Daniel, Ward & Stanfield, Inslee M. Johnson, Frank M. Eldridge,* for appellant.

*Sanders, Hester, Holley, Askin & Dye, Glenn B. Hester, J. Carlisle Overstreet,* for appellee.