28171. CITY OF LILBURN v. C & E BUILDERS, INC. et al.

Jordan, Justice. C & E Builders, Inc., filed a petition for man-

damus in the Gwinnett Superior Court against the City of Lilburn and Maurice C. Robbins, as Planning & Zoning Director of the Municipal-Gwinnett County Planning & Zoning Commission, alleging that C & E Builders, Inc., had complied with all the rules and regulations of the City of Lilburn zoning ordinance relative to the construction of an apartment complex and that the defendants had refused to issue building permits therefor; that by an agreement between the City of Lilburn and Gwinnett County, the Municipal-Gwinnett County Planning & Zoning Commission enforces and administers the City of Lilburn zoning ordinance and that the defendant Robbins issues the permits for buildings under said ordinance. To this petition the defendants filed their answer admitting certain portions of the petition and denying other portions thereof.

C & E Builders, Inc., then made a motion for mandamus absolute. After a hearing on said motion in which the trial court considered the arguments of counsel, admissions in open court, the pleadings, and certain documentary evidence an order was entered dated May 15, 1973, granting the mandamus absolute requiring the issuance of the building permit as prayed in the complaint. Thereafter, on May 22, 1973, as shown by an affidavit attached to the appellee's motion to dismiss, said building permit was issued to the appellee by the defendant Robbins in compliance with the order and judgment of the trial court. Subsequent thereto on June 1, 1973, the City of Lilburn filed its notice of appeal, said appeal being docketed in this court on July 20, 1973. The appellee has filed its motion to dismiss on the ground that the only issue in the case was rendered moot when the building permit was issued pursuant to the order of the trial court. *Held:*

This court will dismiss an appeal when it affirmatively appears that the questions presented have become moot. In this petition the plaintiff's only prayer was for the issuance of a building permit, and the judgment of the trial court granted this relief. Subsequent thereto the permit was issued and is now an accomplished fact. We do not reach the contention of the City of Lilburn that its codefendant issued the permit without its consent. Regardless of any procedural defect in the issuance of the permit, the plaintiff has obtained that to which it contended it was legally entitled. Having obtained same and presumably acted thereunder has rendered this appeal moot. See *Knickerbocker Tax System, Inc. v. Mr. Tax of America, Inc.,* 227

Ga. 148 (179 SE2d 228); *Gober v. Colonial Pipeline Co.,* 228 Ga. 668 (187 SE2d 275); *Board of Commrs. of Walton County v. Dept. of Public Health,* 229 Ga. 173 (190 SE2d 39); *U. S. I. F. Atlanta Corp. v. Timberlake,* 230 Ga. 225 (196 SE2d 440); *Thornton v. Southern Mutual Inv. Co.,* 231 Ga. 36.

*Appeal dismissed. All the Justices concur.*

Argued September 13, 1973 — Decided October 4, 1973.

*Harrison & Garner, James W. Garner,* for appellant.

*Webb, Fowler & Tanner, W. Howard Fowler, Stark, Stark & Henderson, Homer Stark,* for appellees.