### 28419. POSNER LABORATORIES, INC. v. CITIZENS & SOUTHERN NATIONAL BANK.

INGRAM, Justice. This appeal arises from the grant of an interlocutory injunction by the Superior Court of Fulton County on July 20, 1973. The injunction prohibits the appellant "from taking any action to seize, attach or otherwise interfere with the inventory of Oriental Imports, Inc., located at 55 Alabama Street, Atlanta, Georgia." Appellant seeks a reversal of the trial court's grant of injunctive relief on the ground there was an adequate remedy at law available to appellee and it was error to grant equitable relief.

The events preceding the grant of the injunction by the trial court were these: the appellant filed a suit in the Civil Court of Fulton County on an open account against Gwendolyn Claytor and

others, d/b/a Oriental Wigs Imports, with a business address of 55 Alabama Street, Atlanta, Fulton County, Georgia. The Civil Court Marshal reported he could not find the defendants for service within Fulton County. Subsequently, in a separate and new proceeding, appellant filed an affidavit and bond for attachment in the civil court and caused a levy to be initiated by the marshal's office on various items of personalty located at 55 Alabama Street, Atlanta, Fulton County, Georgia. It was at this juncture that appellee, through its counsel, asserted a prior security interest claim to the goods on which appellant sought to levy, and appellee obtained injunctive relief preventing appellant from completing the attachment levy against a number of the goods. No action was taken, however, with regard to that portion of the levy which had been completed against some of the goods. Thereafter, Gwendolyn Claytor, on behalf of Oriental Imports, Inc., consented to the repossession by appellee, under its security interest agreements, of the items of personalty on which appellant had not completed its levy through the attachment. Appellant made no claim to those items (except through its original affidavit and bond for attachment) and did not contest the validity of appellee's alleged prior security interest in the repossessed personalty.

Appellee has filed a motion to dismiss this appeal upon two grounds: (1) that any claim which appellant had (by virtue of the attachment) to the items of personalty involved in the injunction case is gone because appellant has never filed its declaration in attachment as required by law; and (2) these particular items of personalty are no longer in possession of Oriental Imports, Inc., or any entity owned or controlled by Gwendolyn Claytor since they have been repossessed by appellee under its security interest agreements. Appellee's contentions are supported by affidavit of counsel and an exhibit attached to the motion to dismiss and no response has been made thereto in this court.

It thus appears that, if the appellant were successful in obtaining a reversal of the trial court's grant of an interlocutory injunction, permitting appellant to go forward with its levy, it would be a hollow victory since these goods are not in possession of the attachment debtor and any levy on these goods under appellant's attachment would be fruitless. Since the items of personalty against which appellee sought to prevent levy have been repossessed by it and are no longer in the attachment debtor's possession, it is unnecessary to decide the validity of appellant's

attachment proceedings. The appellant can assert any claim it may have to the personalty repossessed by appellee, through its counterclaim filed in the trial court in this case. The sole issue on this appeal, involving the interlocutory injunction granted by the trial court, has become moot and the appeal must be dismissed. See *Shaffer v. City of Atlanta*, 225 Ga. 184 (167 SE2d 151); and *Gross v. Dempsey*, 225 Ga. 810 (171 SE2d 500).

*Appeal dismissed. All the Justices concur, except Nichols, J., disqualified.*

ARGUED NOVEMBER 15, 1973 — DECIDED NOVEMBER 29, 1973 — REHEARING DENIED DECEMBER 17, 1973.

*R. John Genins,* for appellant.
*Alston, Miller & Gaines, J. Michael Kelly,* for appellee.