50268. BRANCH et al. v. HOUSING AUTHORITY OF THE CITY OF ATLANTA et al.
50269. ANSLEY PARK CIVIC ASSOCIATION, INC. v. HOUSING AUTHORITY OF THE CITY OF ATLANTA et al.
50270. BURNS v. HOUSING AUTHORITY OF THE CITY OF ATLANTA et al.
50271. KIM-MAC, INC. v. HOUSING AUTHORITY OF THE CITY OF ATLANTA et al.
50272. McCLATCHEY v. HOUSING AUTHORITY OF THE CITY OF ATLANTA et al.
50273. HOUSING AUTHORITY OF THE CITY OF ATLANTA v. BRANCH et al.
50274. SANDLER v. BRANCH et al.

BELL, Chief Judge.

The appellees Sandler Associates and Environmental Planning Associates, Inc., purchased an apartment complex in Atlanta which they in turn contracted to sell to appellee Housing Authority of the City of Atlanta, contingent on the renovation of the complex to a new condition. A building permit authorizing the restoration work to proceed was issued by the city building inspector. Appellants, property owners

in the vicinity of the complex, then made request for the revocation of the permit claiming that the proposed renovation would result in a violation of the zoning ordinance. The chief building inspector of the City of Atlanta denied the request to revoke. Appellants appealed to the Atlanta-Fulton County Joint Board of Adjustment where they again sought the revocation of the building permit. After a hearing, the board revoked the building permit. Appellee appealed to the superior court which reversed the board's revocation of the permit. Thereafter, the court entered an order of supersedeas pending appeal which permitted the renovation work to proceed, but limited occupancy to 18 of the 32 apartments being restored. Appellants have appealed from the order of reversal and appellees have filed cross appeals. *Held:*

1. Motions to dismiss the appeals have been filed on the grounds of mootness. The motions and attached affidavits disclose that the work on the structures authorized by the building permit has been completed and that the City of Atlanta issued the required certificate of occupancy. There is no disagreement on these facts. The motions to dismiss are granted as the issue presented is moot. Code Ann. § 6-701. Throughout this litigation, the only relief requested was the revocation of the building permit which would prevent the renovation of the apartments. The appellants themselves sought the order of supersedeas entered. They did not seek to prevent work on the apartments and left the appellee-developers free to proceed. The burden was on them (appellants) to obtain an order that would protect their rights and preserve the status quo pending the appeal. *Howard v. Smith,* 226 Ga. 850, 852 (178 SE2d 159). See also *Clarke v. City of Atlanta,* 231 Ga. 84 (200 SE2d 264). In *Newman v. Smith,* 217 Ga. 465 (123 SE2d 305), a building permit had been obtained to construct apartments. An injunction was sought to enjoin construction predicated on the argument that the structures would violate the zoning ordinance. During the appeal, 15 buildings were completed and the Supreme Court held that as to those finished, the case was mooted. *Newman* controls the issue here. The very thing appellants sought to prevent has now occurred. Thus the issue as to the validity of the building permit is moot.

2. The cross appeals are mooted by our decision and they are dismissed.

*Main appeals and cross appeals dismissed. Webb and Marshall, JJ., concur.*

ARGUED MARCH 3, 1975 — DECIDED MAY 8, 1975.

*Thomas B. Branch, III, Gregory J. Digel,* for appellants.

*Jack H. Watson, Jr., C. David Vaughan, Charles H. Tisdale, Jr., J. D. Humphries, III, Ralph H. Witt, Paul Hanes,* for appellees.