30911. AMERICAN FIDELITY FIRE INSURANCE COMPANY et al. v. DeKALB COUNTY.

INGRAM, Justice.

Defendant American Fidelity Fire Insurance Company and intervenor-defendant PMS Construction, Inc., appeal from the grant of an interlocutory injunction which orders them to perform certain duties under a performance bond. The bond was executed by PMS as

principal, with American Fidelity Fire Insurance Co., as surety and plaintiff DeKalb County as the obligee. It covers PMS Construction Company's obligations under a contract executed in the spring of 1975 by PMS and DeKalb County, in which PMS agreed to construct a project known as the Blackburn Tennis Center in DeKalb County.

Shortly after commencement of the construction, disputes began arising between PMS and DeKalb County concerning the timeliness and quality of PMS Company's performance, and eventually, in August, DeKalb County gave notice to both PMS and American Fidelity that PMS was in default under the construction contract and its services were being terminated. DeKalb County also made a demand upon American Fidelity to complete the construction contract.

In October, PMS Company filed suit against DeKalb County charging that the county had unjustifiably and illegally terminated its contract with PMS. Thereafter, DeKalb County filed the present litigation against American Fidelity seeking an injunction to compel American Fidelity's performance of its obligations under the bond and also seeking damages for American Fidelity's alleged breach of its obligations under the bond. The performance bond provides, in pertinent part: "Whenever contractor shall be, and declared by owner to be in default under the contract, the owner having performed owner's obligations thereunder, the surety may promptly remedy the default, or shall promptly (1) complete the contract . . . or (2) obtain a bid or bids for completing the contract . . , and upon determination by surety of the lowest responsible bidder, or, if the owner elects, upon determination by the owner and the surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and owner, and make available as work progresses . . . sufficient funds to pay the cost of completion less the balance of the contract price..."

PMS Company moved to intervene as a party defendant in the present case, alleging that it had entered into a contract with American Fidelity indemnifying the insurance company from any and all liability incurred by it under the terms of the performance bond. At the

November 7 hearing on the interlocutory injunction both American Fidelity and PMS contended that American Fidelity was discharged as surety because of certain alleged changes, unknown to American Fidelity, which were made in the construction contract subsequent to the execution of the bond. These alleged changes were contended to have constituted a novation which increased the surety's risk. It was also argued that, if the bond was enforceable, the time for American Fidelity's performance had not occurred because two of the three conditions precedent to American Fidelity's performance, as set forth in the above provision of the bond, had not been fulfilled. In particular, the defendants argued that PMS was not in fact in default of the construction contract and that DeKalb County had not performed its obligations under the construction contract.

Thereafter, the trial court, on the basis of the pleadings, affidavits and certain documentary evidence, entered its order granting DeKalb County's application for an interlocutory injunction. The court held that the laws of "novation, suretyship and otherwise do not serve as a basis of nullifying the performance bond on the evidence before this court at this time." Despite the defendants' contentions that the conditions precedent to American Fidelity's performance had not been met, the trial court also held that, "this court does not need to make a finding of fact that PMS Construction Company, Inc., was in default under the terms of its contract with DeKalb County . . . , or that DeKalb County . . . has performed its obligation under the terms of said contract prior to the enforcement of the performance bond in question." The trial court then ordered American Fidelity and PMS to perform their duties as set forth in the performance bond. The order also provided that, "[i]n the event that the performance bond which serves as the basis for DeKalb County's petition for mandatory injunction is subsequently declared to be null and void, then DeKalb County . . . shall become responsible for reimbursing American Fidelity Fire Insurance Company for any sums which they may have expended in performing the terms of the bond under this order from the date hereof."

Appellee DeKalb County has filed a supplemental

brief in which it contends that the issues raised by appellants concerning the interlocutory injunction are moot because appellants have complied with the injunction. Attached to the brief is a copy of a contract which purports to have been executed by DeKalb County, American Fidelity and CFI Construction Company and which provides that the new construction company, CFI, will complete the construction of the Blackburn Tennis Center project. The contract states a consideration of $185,468 to be paid to CFI by DeKalb County; $149,730 of that sum to be "funded by the owner" (DeKalb County) and the remaining $36,238 to be "funded by the prime surety (American Fidelity) via the owner."

Appellants have filed a supplemental brief in which they argue against a dismissal of the appeal on grounds of mootness. However, they do not deny the alleged fact that American Fidelity executed the above described contract. Consequently, the effect of the contract will be considered by the court in ruling on the issue of mootness in this appeal. *Grizzel v. Grizzel,* 190 Ga. 219 (1) (9 SE2d 247) (1940). The particular question to be decided is whether, by executing the contract, and arranging for the completion of the construction project, American Fidelity has acquiesced in the trial court's interlocutory order and performed the acts commanded by the injunction. If so, this appeal would serve no effective purpose and under such decisions as *Blackshear v. Blackshear,* 232 Ga. 312, 315 (206 SE2d 429) (1974); *City of Lilburn v. C & E Builders,* 231 Ga. 189 (200 SE2d 764) (1973); *Bd. of Commrs. of Walton County v. Dept. of Public Health,* 229 Ga. 173 (2) (190 SE2d 39) (1972); and *City of East Point v. Gatewood,* 225 Ga. 696 (171 SE2d 496) (1969), should be dismissed as moot.

Appellants argue that Item 1 of Art. 5 of the new CFI contract prevents the issues concerning the interlocutory injunction from becoming moot despite the execution of the contract and thus preserves their right to appeal the trial court's order. Item 1 provides, "[i]t is understood and agreed that in the event that American Fidelity Fire Insurance Company is successful in having its bond declared null and void, or PMS Construction Company, Inc., prevails in its suit against DeKalb County, or if

DeKalb County and PMS Construction Company, Inc., settle their differences, DeKalb County will reimburse American Fidelity Fire Insurance Company for all payments made under this agreement."

We believe this provision of the contract contemplates a final adjudication, or settlement, of American Fidelity's liability on its performance bond as a condition precedent to DeKalb County's duty to reimburse American Fidelity. Therefore, Item 1 of the new construction contract is consistent with the reimbursement provision of the interlocutory injunction. Nothing in Art. 5, Item 1 of the contract would enable appellants to benefit from a reversal of the interlocutory injunction as American Fidelity would not be authorized pursuant to Art. 5, Item 1 either to cease payments to DeKalb County under the new CFI contract or to demand reimbursement from DeKalb County for sums already paid. Furthermore, the reimbursement provisions of both the interlocutory injunction and the CFI contract adequately protect PMS Company from liability to American Fidelity on their indemnity agreement should it be finally determined that American Fidelity is not required to perform under its bond.

A review of the new CFI construction contract persuades us that American Fidelity has performed its obligations under the interlocutory injunction. Therefore, appellants can obtain no benefit from a reversal of the interlocutory injunction and the appeal must be dismissed as moot. Of course, this dismissal "does not constitute an adjudication that the order granting the [interlocutory] injunction was proper and it leaves the issues as to the merits of the case still pending in the trial court." *Bd. of Commrs. of Walton County v. Dept. of Public Health,* 229 Ga. 173 (3), supra.

*Appeal dismissed. All the Justices concur.*

ARGUED MARCH 15, 1976 — DECIDED MAY 18, 1976.

*Simmons, Pike, Martin, Warren & Szczecko, Joseph Szczecko, J. Larry Palmer,* for appellants.

*Harvey, Willard & Elliott, Wendell K. Willard,* for

appellee.