## 56565. POSNER LABORATORIES, INC. v. CITIZENS & SOUTHERN NATIONAL BANK.

SHULMAN, Judge.

This is the second appearance of this case in the appellate courts. An earlier appeal involving an injunction preventing appellant Posner Laboratories (hereinafter "Posner") from levying on goods in which

appellee the Citizens & Southern National Bank (hereinafter "C & S") claimed a perfected security interest was dismissed as moot because the subject personalty had been repossessed by C & S and therefore was no longer in the possession of the attachment debtor. See *Posner Laboratories v. C & S Nat. Bank,* 231 Ga. 536 (202 SE2d 439). The instant appeal follows summary judgment adverse to Posner as to its counterclaim against C & S. Since we do not find the grant of summary judgment erroneous for any of the reasons advanced by appellant, we affirm the decision of the trial court.

1. In the first appearance of this case the Supreme Court stated that ". . . appellant can assert any claim it may have to the personalty repossessed by appellee [C & S], through its counterclaim. . ." *Posner,* supra, p. 538. Appellant urges that this language specifically authorized appellant to raise the issues involved in its counterclaim and precluded summary resolution thereof. We cannot agree.

The Supreme Court opinion was limited to the propriety of the injunction and did not involve the merits of the counterclaim. It certainly did not hold that the issues raised in appellant's counterclaim were not susceptible to summary judgment. Cf. *Fountain v. MARTA,* 147 Ga. App. 465 (2).

2. Appellant asserts that summary judgment was improper because genuine issues of material fact remain as to ownership of the property which C & S repossessed and which Posner sought to attach. In support of this assertion, Posner cites the following: an affidavit of a salesperson of appellant that the business to which Posner sold goods represented itself as a sole proprietorship; that the property Posner sought to attach was located on the business premises; and that the business license on the premises was issued in a name indicative of a sole proprietorship and not a corporate entity.

In the face of uncontradicted affidavits establishing that the property on the premises was owned by a certain entity and that this entity had executed a security agreement in favor of C & S on the property, the question of whether the business where such property was located

was a sole proprietorship (Oriental Wig Imports) or a corporation (Oriental Wig Imports, Inc.) is not a genuine issue of material fact that will preclude summary judgment.

As appellant failed to produce evidence that its attachment debtor had an interest in the property, no issue of fact remained as to ownership of the property which would preclude summary judgment. *Guthrie v. Monumental Properties,* 141 Ga. App. 21 (2) (232 SE2d 369).

3. Appellant argues that the trial court erred in denying its motion to compel the production of documents necessary to ascertain appellant's actual damages.

As summary judgment was proper as to the issue of liability, errors, if any, relating to the denial of appellant's motion to compel production of documents relating to damages do not require reversal. *Lord v. Commercial Painting Co.,* 148 Ga. App. 601.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED JANUARY 11, 1979 — REHEARING DENIED JANUARY 29, 1979 —

*John Genins,* for appellant.
*Alston, Miller & Gaines, Dana D. Lamer,* for appellee.