64455. SAXTON et al. v. LUKE.

POPE, Judge.

Appellee Walter M. Luke brought this action against appellants James Saxton and Byron M. Forrester, d/b/a Forrester and Saxton, and Forrester & Saxton, Inc., seeking damages for breach of contract. This action was tried before a jury which returned a verdict in the amount of $5,000.00 in favor of appellee against all appellants. The sole error enumerated on appeal is the trial court's denial of a motion for directed verdict in favor of the individual appellants, Saxton and Forrester.

Forrester & Saxton, Inc. was incorporated on October 22, 1979. Two days later, on October 24, appellee accepted a proposal for a paving project submitted by the corporation by Charles Hooper, an employee thereof. The paving project was not completed before the corporation ceased operations in early 1980. The issue presented for resolution by this appeal is whether there was any evidence to support the verdict against the individual appellants, Saxton and

Forrester. The thrust of appellants' arguments here is that the subject contract was solely between appellee and the corporation, Forrester & Saxton, Inc. Thus, they contend that they, as principals of the corporation, can not be held personally liable for a debt of the corporation.

The evidence of record was conflicting and will be construed in a light most favorable to upholding the verdict. *Smith v. Hornbuckle,* 140 Ga. App. 871 (2) (232 SE2d 149) (1977). While documentary evidence showed its incorporation, testimony revealed Forrester & Saxton, Inc. to be merely a paper corporation whose existence was largely ignored by the individual appellants. Although Forrester paid Saxton for an interest in paving equipment owned by Saxton, such equipment was never transferred to the corporation. No stock was issued by the corporation, and no evidence of any corporate meetings was produced. Although appellant Saxton worked on appellee's project, there was no evidence which showed him to be doing so as an employee of the corporation. Although checks were made out to the corporation, appellant Forrester endorsed them individually without any designation as president of the corporation. Finally, Forrester gave his personal guarantee that the project would be completed, even if he had to pay for it out of his own pocket.

"A corporation is a fictional legal entity, completely separate and distinct from its officers, stockholders, and shareholders. [Cit.] The advantageous legal concept [is] that it limits the liabilities of its members. [Cit.] However, '(u)sing such expressions as "piercing the corporate veil," or "looking at the substance rather than at the forms," or "disregarding the corporate fiction," the courts are constantly demonstrating a willingness to disregard the separateness of the entity of a corporation where such corporation has over-extended its privileges in the use of the corporate entity to defeat justice, to perpetrate fraud, or to evade statutory, contractual or tort responsibility.' " *Bone Const. Co. v. Lewis,* 148 Ga. App. 61, 62-3 (250 SE2d 851) (1978); *Casey v. Carrollton Ford Co.,* 152 Ga. App. 105 (1) (262 SE2d 255) (1979). The evidence in this case did not demand a verdict in favor of either individual appellant. *DeJong v. Stern,* 162 Ga. App. 529 (3) (292 SE2d 115) (1982).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 28, 1982.

*Douglas E. Smith,* for appellants.
*James M. Walters,* for appellee.