A89A0527, A89A0528. RING et al. v. WILLIAMS et al. (two cases).

(384 SE2d 914)

CARLEY, Chief Judge.

Appellant-defendant F. Lee Ring is the sole shareholder and president of appellant-defendant F. Lee Ring Real Estate, Inc. (Ring, Inc.). Appellee-plaintiffs Don Williams and Daniel Murray are the sole shareholders of Corporate Aircraft Leasing, Inc. (CAL). The facts, insofar as they are relevant to this appeal, are as follows: Appellant Ring negotiated the purchase of an airplane from CAL. In connection with this transaction, appellant Ring, in his capacity as president of appellant Ring, Inc., executed a promissory note in favor of CAL. The parties also entered into a separate business agreement whereby appellees, in consideration of free flying time and a percentage of profits, agreed that they would locate potential lessees of the plane and would assume responsibility for its maintenance, servicing and repair. Subsequently, the note went into default and appellees also failed to receive the consideration to which they were entitled under the ancillary business agreement regarding the leasing of the plane. Appellees then filed an action to establish and foreclose a mechanic's lien as against the plane and, in addition, a multi-count civil action as against appellants. Both actions were filed by appellees in their individual capacities, CAL having previously been dissolved as a corporate entity.

In the lien action, the trial court entered judgment in favor of appellees and in Case No. A89A0527 appellants appeal from that judgment. The civil action was tried before a jury and a $45,755.48 verdict was returned in favor of appellees. The verdict was comprised of the following elements: $8,008.08 in attorney's fees; $3,174.08 in tort damages for fraud; $9,572.90 for breach of contract; and, $25,000 in punitive damages. The trial court entered judgment on this verdict and appellants filed a motion for new trial or, in the alternative, for judgment n.o.v. In Case No. A89A0528, appellants appeal from the denial of their alternative post-judgment motion.

### Case No. A89A0527

1. Urging mootness, appellees have moved to dismiss appellants' appeal from the judgment in the mechanic's lien foreclosure action. Contrary to the dissent, appellants properly supported their motion by submitting evidence directly to this court rather than to the trial court. See generally *City of Lilburn v. C & E Bldrs.*, 231 Ga. 189, 190 (200 SE2d 764) (1973), wherein the Supreme Court relied upon "an affidavit attached to the appellees' motion to dismiss. . . ."; *Posner Labs. v. C & S Nat. Bank*, 231 Ga. 536, 537 (202 SE2d 439) (1973), wherein the Supreme Court relied upon an "affidavit of counsel and

an exhibit attached to the motion to dismiss. . . ."; *Branch v. Housing Auth. of Atlanta*, 134 Ga. App. 906, 907 (1) (216 SE2d 633) (1975), wherein this court relied upon "[t]he motions [to dismiss] and attached affidavits. . . ." According to appellees' motion to dismiss, they are only the junior lienholders and the plane has been repossessed and sold in satisfaction of the unpaid balance due on a note payable to the senior lienholder. Appellants do not contest the truthfulness of this assertion. To the contrary, appellants have specifically acknowledged in their supplemental brief that "the Court may accept as a fact that the senior lienholder did in fact foreclose upon the subject property (the airplane)." "Statements of fact in a motion to dismiss a case as moot, which are not directly denied by the opposite party, will be taken as true in passing on the motion. [Cits.]" *Major v. City of Atlanta*, 198 Ga. 303 (2) (31 SE2d 727) (1944). See also *Montgomery v. McCormick*, 150 Ga. App. 554 (258 SE2d 264) (1979). Accordingly, for purposes of the motion to dismiss, we will accept as an undisputed fact that appellees are only the junior lienholders and that the plane has been repossessed and sold in satisfaction of the unpaid balance due on a note payable to the senior lienholder.

It follows from this undisputed fact that the property against which appellees' mechanic's lien would otherwise attach is neither reachable by them nor is it returnable to appellants. Thus, reversal of the judgment would be of no benefit to appellants and an affirmance of the judgment would be of no benefit to appellees. Therefore, this appeal must be dismissed as moot. See generally *Allen v. Smith*, 223 Ga. 265 (1) (154 SE2d 605) (1967).

## Case No. A89A0528

2. Because the note was payable to CAL, appellants urge that the judgment in favor of appellees in their individual capacities must be reversed. See generally *S.D.H. Co. v. Stewart*, 135 Ga. App. 505, 508 (2) (218 SE2d 268) (1975).

Former OCGA § 14-2-293 provided, in relevant part, that the dissolution of a corporation, such as CAL, *"shall not take away or impair any remedy available to . . . shareholders*, for any right or claim existing . . . prior to such dissolution, if action or other proceeding thereon . . . is commenced within two years after the date of such dissolution. Any such action or proceeding by . . . the corporation *may be prosecuted . . . by the corporation in its corporate name.*" (Emphasis supplied.) "Shall" ordinarily denotes command and not permission, whereas "may" ordinarily denotes permission and not command. See OCGA § 1-3-3 (10); *Spivey v. Mayson*, 124 Ga. App. 775, 777 (186 SE2d 154) (1971). Thus, it was not mandatory that appellees file the complaint in the name of CAL and, as the sole share-

holders of the dissolved corporation, they were permitted to pursue their available remedy of filing the action in their own names. " 'They succeed[ed] to the legal title [to claims belonging to CAL], and an action by [both] of them upon choses in action which belonged to the corporation at the time of its dissolution is maintainable at law in their own names.' [Cit.]" *Byers v. Black Motor Co.*, 65 Ga. App. 773, 778 (16 SE2d 478) (1941). Accordingly, this enumeration of error is without merit.

3. In their complaint, appellees sought attorney's fees pursuant to OCGA § 13-6-11 and, at trial, they offered evidence both as to the recoverability and the amount of such attorney's fees. The trial court, however, made the procedural determination that it would not charge the jury on the issue of attorney's fees unless and until a verdict for compensatory damages in favor of appellees was first returned. Accordingly, when it gave its general charge to the jury on liability and damages, the trial court gave no instructions regarding the recoverability of attorney's fees pursuant to OCGA § 13-6-11. Despite this absence of specific instructions, however, the jury nevertheless included in its verdict an award to appellees of attorney's fees. At the time that this verdict was returned, appellants did not object to its inclusion of an award of attorney's fees and the jury was dispersed. It was only in their post-judgment motion that appellants first urged that the award of attorney's fees was erroneous and should be stricken from the judgment. On appeal, appellants enumerate as error the trial court's failure to sustain this ground of their post-judgment motion.

Appellants make no assertion on appeal that the evidence that was submitted by appellees would not support the jury's return of a verdict for $8,008.08 in attorney's fees pursuant to OCGA § 13-6-11. Their sole contention is that, in the absence of specific instructions by the trial court, the jury was not authorized to consider that element of damages. The recoverability of damages is, however, dependent upon the applicable law and evidence, not upon the instructions of the trial court. Since appellants do not contest the *sufficiency* of the evidence to authorize the $8,008.08 verdict in attorney's fees pursuant to OCGA § 13-6-11, " '[t]he verdict . . . did not . . . include in its original form any element of recovery unwarranted by the evidence.' [Cit.] It was therefore not illegal as such. Furthermore, if the form of the verdict was improper, it was incumbent upon [appellants] to make [their] objections as to irregularity of form at the time of its rendition or otherwise such technicality is waived. [Cit.] This is so because a verdict may be reformed or remodeled in the presence of the jury before they have retired from the box. [Cits.]" *West Ga. Pulpwood &c. Co. v. Stephens*, 128 Ga. App. 864, 870 (3) (198 SE2d 420) (1973). Had appellants objected to the verdict at the time that it

was returned, the jury could then have been specifically instructed as to the issue of attorney's fees and it could have conducted redeliberations as to that issue. By failing to do so, appellants waived their right to object and this enumeration is without merit.

4. Appellant Ring enumerates as error the general grounds, urging that there was insufficient evidence to authorize a finding that he was personally liable for any corporate obligation of appellee Ring, Inc. Although the evidence which would authorize a piercing of appellant Ring, Inc.'s corporate veil was not strong, it was sufficient to authorize the submission of that issue to the jury. See generally *Saxon v. Luke*, 164 Ga. App. 170 (296 SE2d 751) (1982).

5. Appellants enumerate the general grounds as to the issue of their contractual liability.

The promissory note contained the following provision: "This note shall have as sole security the [airplane]." Contrary to appellants' contentions, this provision concerns only the agreed-upon security for the repayment of the note. It does not purport to establish foreclosure against the plane as appellees' only legal remedy for default or to exculpate appellants from personal liability for the repayment of the note. The evidence authorized a finding that the note was not repaid according to its terms and that appellants were contractually liable for its repayment.

6. Appellants further enumerate the general grounds as to the issue of their tort liability.

" '[I]f one promises to pay another a given sum of money by a named day, the contract creates a duty to pay; but a breach of that duty is not a tort.' [Cits.]" *Long v. Jim Letts Oldsmobile*, 135 Ga. App. 293, 294 (2) (217 SE2d 602) (1975). The evidence, when construed most favorably for appellees, shows only that they were not paid as promised. The fact that appellees were under the "impression" that appellant Ring "was a fairly substantial businessman" is utterly irrelevant unless appellant Ring himself fraudulently induced that impression. There is no evidence that he did so. Apparently, appellant Ring's only representation to appellees was that he needed to purchase a plane because he had "land deals" in the Bahamas and Florida and "would make a lot of money." However, this representation was not shown to be fraudulent simply because, at the time that it was made, appellants did not actually own the property and did not have significant assets. The representation attributed to appellant Ring is neither the equivalent of a claim of current ownership of any property, nor does it constitute a statement as to the current net worth of himself or his corporation. If appellees formed an erroneous subjective impression of appellants' current financial condition based upon appellant Ring's puffery concerning his "land deals" and his future income, they did so at their own risk. See generally *Wilkinson v.*

*Walker*, 143 Ga. App. 838 (1) (240 SE2d 210) (1977). Likewise, any purported assurances by appellant Ring to appellees that he would personally repay the corporate note is irrelevant. An agreement to answer for the debt of another must be in writing to be enforceable and, if appellees chose to accept a corporate note and to rely upon appellant Ring's oral guaranty, they did so at their own risk. "Although fraud can be predicated on a misrepresentation as to a future event where the defendant knows that the future event will not take place [(cits.)], fraud cannot be predicated on a promise which is unenforceable at the time it is made. [Cits.]" *Beasley v. Ponder*, 143 Ga. App. 810 (240 SE2d 111) (1977). Moreover, the mere fact that appellees were not appellants' only unpaid creditors is also irrelevant. A mere failure to pay is not actionable in tort and, consequently, evidence that appellants had breached their contracts to pay other creditors is not evidence that appellants' failure to pay appellees was tortious. See generally *Long v. Jim Letts Oldsmobile*, supra.

The evidence authorized a finding of appellants' contractual liability for failure to pay the note and for breach of the ancillary business agreement regarding the leasing of the plane. The evidence did not, however, authorize a finding of appellants' liability in tort. Accordingly, the trial court erred in entering judgment on the verdict for $3,174.08 in compensatory tort damages and for $25,000 in punitive damages.

7. Remaining enumerations of error not otherwise addressed have been considered and are either moot or have no merit.

8. The judgment is affirmed with direction that the $3,174.08 in compensatory tort damages and the $25,000 in punitive damages be written off.

*Appeal in Case No. A89A0527 dismissed. Judgment in Case No. A89A0528 affirmed with direction. McMurray, P. J., Birdsong, Sognier and Pope, JJ., concur. Deen, P. J., and Benham, J., concur specially. Banke, P. J., concurs in judgment only. Beasley, J., concurs in part and dissents in part.*

BENHAM, Judge, concurring specially.

I concur fully with the majority opinion except as to Division 3. As to that division, I concur in the ruling of the majority solely on the basis of appellants' waiver of the issue.

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

BEASLEY, Judge, concurring in part and dissenting in part.

1. We dismiss Case No. A89A0527 for mootness. Our conclusion that the legal issues are moot is based on facts regarding certain court proceedings. An order was entered by this Court on April 28 ordering

the parties to submit evidence that a senior lienholder had foreclosed on the plane. As illustrated by some of the cases cited, evidence has been taken directly by the appellate court.

The Appellate Practice Act, in OCGA § 5-6-48 (b) (3) provides for dismissal where the questions have become moot but does not state how or where mootness is to be evidenced. However, it provides a procedure in subsection (d), which would allow the parties to submit the evidence to the trial court and be transmitted to this Court as part of the record by way of supplement. Any factual dispute would be resolvable in a hearing there.

Appellees have submitted uncertified copies of court documents. I recognize that some of the evidence appellees submitted *is* in the record we already had, having found it despite noncompliance with Rule 15 (c) (3) (ii), but I do not find Exhibits E through H.

Appellants do not provide any exhibits but do describe in their supplemental brief what happened post-trial. I assume that none of this is in the record because it is not referenced as required by the rule.

In three of the cases cited in the majority opinion there were uncontroverted affidavits regarding mootness. In another there was a warranty deed attached to the motion. *Major v. City of Atlanta*, 198 Ga. 303 (31 SE2d 727) (1944), predated the Appellate Practice Act.

I recognize that Rule 15 (b) (1) says that appellee shall be held to have consented to a decision of the case on the statement of facts made by appellant if appellee does not show otherwise, and that "[e]xcept as controverted, the statement of facts by the appellant may be accepted by this Court as being prima facie true." However, that does not mean that the statement of facts need not be supported by the record; rather, that this Court does not have to independently verify from the record everything appellant says is in it.

Appellants themselves question our ability to rule on mootness when certain relevant facts are not in the record: "While there have been indications from the appellees that the appellees do not consider themselves as having an *in personam* judgment against the appellants pursuant to the Special Judgment, there is no order so reflecting."

Appellants challenge a conclusion of mootness for two reasons. While neither one of them may be valid, how can this Court reach a conclusion of mootness without a proper record? *Allen v. Smith*, 223 Ga. 265 (1) (154 SE2d 605) (1967), states that an appeal will be dismissed "where it appears" that the case has become moot. It must be properly and conclusively shown. Otherwise we must avoid dismissal. OCGA § 5-6-30.

2. I concur in the ruling in Division 3 solely for the reason that appellants waived the issue. I concur in Divisions 2, 4 and 5.

3. Contrary to the holding in Division 6, the verdict of the jury

regarding fraud should be upheld. There was some evidence that when appellees entered into the contracts in the first place, Ring had no intention of paying anything for the airplane or the leaseback arrangement. The jury could also find that he never did pay anything, he induced appellees to work on it and spend money on it, he treated others the same way, he took the cavalier attitude "so sue me," he thought he was protected by his superficial corporate setup, and he took the same name as the appellees' corporation when it dissolved.

Sellers alleged fraud *ab initio* regarding Ring's intent in entering into the contracts, and there is evidence by his clever actions afterwards that he did not contract in good faith. The jury is the best judge of that in this case. The law recognizes that fraud is subtle and that slight circumstances are enough to prove its existence. OCGA § 23-2-57. There is sufficient evidence of the elements of fraud, as listed in *City Dodge v. Gardner*, 232 Ga. 766, 769, fn. 1 (208 SE2d 794) (1974).

Contrary to appellants' position, sellers could sue and recover for fraud as well as for breach of contract. *Rainwater Constr. Co. v. O'Connor*, 129 Ga. App. 334, 336 (2) (199 SE2d 605) (1973).

DECIDED JULY 14, 1989.

Lamberth, Bonapel, Cifelli & Wilson, J. Michael Lamberth, Therese G. Franzen, for appellants.
Robert F. Woodland, Jr., for appellees.