BOBERT FREEMAN, plaintiff in error, *vs.* JOHN B. McDANIEL, defendant in error.

To entitle a party to redress for an alleged deceit, he must show both fraud and damage. Fraud without damage, or damage without fraud will not do.

Certiorari, in Carroll Superior Court. Tried before Judge HAMMOND, at April Term, 1857.

Robert Freeman brought suit in a Justice Court, against John B. McDaniel, on a promissory note, due 1st March, 1853, for the sum of twenty-five dollars. The defence was failure of consideration.

The consideration of the note was the difference between

Rodahan vs. Driver.

a mule swapped by plaintiff to defendant for a horse, and at the time of the trade, plaintiff said, "that the mule is as sound as a dollar, and if you find him anything else, bring him to me and I'll take him back."

Defendant proved by several witnesses, that the mule had bad eyes, but did not know its condition at the time of the trade, and valued the mule at from sixty to eighty dollars.

The exchange took place in November, 1852, and defendant made no complaint until after the note fell due in March, 1853, but expressed himself well satisfied, and did not offer to return the mule or rescind the trade.

No evidence was offered as to the value of the horse exchanged for the mule. Verdict for plaintiff.

Defendant applied for certiorari on the ground that the jury found contrary to law and evidence.

Upon the hearing in the Superior Court, the presiding Judge sustained the certiorari, set aside the verdict, and ordered a new trial. And Counsel for plaintiff excepts.

Merrell, represented by Bleckly, for plaintiff in error.

A. T. Burke, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

To entitle the plaintiff to recover, he must show both fraud and damage, admitting the fraud, he has failed to show that he has been injured, because he has failed to show what the mule cost him, in other words, what the horse was worth, that he traded for the mule, consequently we hold, that the Court was wrong in sustaining the certiorari. Indeed, there was a conflict of proof in the case, and it is not easy to determine upon which side the weight of evidence preponderated. The amount involved is twenty-five dollars, the complainant alleged deceit in swapping a moon-eyed mule. Can there be any better tribunal for the decision of

such controversies, than a Justice Court and a jury of the vicinage? especially where, as in this case, the question is one of fact and not of law.

Judgment reversed.