JOHN BIGBY, plaintiff in error, vs. GEORGE POWELL, adminis-
trator, defendant in error.

[1.] To entitle a complainant in equity to relief on the ground of fraud, there
must be damage as well ,,as fraud.

[2.] It is no ground of equity that counsel misrepresented the contents of a
bill of exceptions to the Judge for his certificate or signature, or to the coun-
sel of the opposite party for his acknowledgment of service. In such cases,
it is always at hand and ought to be read.

[3.] If defendant in error relies, as a defence, upon a release of the errors assigned
in the record, he must plead it.

[4.] A complainant seeking relief, cannot rely on a mere *obiter* of the Court du-
ring the progress of an argument before it, as settling the law, nor of a dec-
laration by a member of the Court of what would have been the decision of
the Court under a different state of facts, which would have been presented
had he not been entrapped by representations of opposite counsel, as enti-
tling him to an equity, when there is none without it, and the declaration is
not sustained by the law.

[5.] If a party be entrapped, by misrepresentations, to join issue on assignment
of error, he ought, as soon as he discovers it, show it to the Court and move
to withdraw his joinder.

[6.] The omission of a palpable duty ought never to be allowed as a ground of
equity.

In Equity. From Coweta county. Decision by Judge
BULL at September Term, 1857.

This was a bill filed by John Bigby against George Pow-
ell, administrator of John B. Russell, deceased.

The bill, in substance, states, that in the year 1847, plain-
tiff brought his action of trover against said Russell, then
in life, for three negroes. That at September term, 1850, a
verdict on the appeal was rendered in favor of defendant;
whereupon plaintiff moved for a new trial, and at March
Term, 1853, the verdict was set aside and a new trial grant-
ed. In the meantime Russell departed this life, and defen-
dant, George Powell, his administrator, was made a party.
At the same Term, March, 1853, a trial was had and a ver-
dict for plaintiff for two of the negroes (one having died) and
$799 87 for hire, and cost of suit: upon which judgment

was signed and entered; and the same was discharged by the delivery of the negroes and the payment of the money, without any execution being sued out; and the suit was regarded as terminated.

The bill further states, that the counsel of Powell, and without his orders or instructions, within thirty days from the adjournment of the Court at which said verdict was rendered, and after the negroes were delivered up and most of the hire paid, made out a bill of exceptions in said case, and tendered the same to the presiding Judge, assuring him that the same contained "all the facts and carried up the whole record," and that plaintiff's counsel had examined it and was satisfied. That the Judge, relying upon this statement, certified to the correctness of the bill of exceptions, when in fact, plaintiff's attorneys had never examined said bill or agreed to the same.

The bill further states, that counsel for defendant presented said bill of exceptions to plaintiff's attorney to acknowledge service, assuring him, upon his professional honor, that the record was full and complete, and all the facts stated, and pretending to be in a great hurry ; relying upon this assurance, complainant's attorney acknowledged service without examining the papers; that said bill of exceptions did not contain all the facts, and was partial and incomplete, and only set out the proceedings in the case up to the granting of the new trial, and was wholly silent as to the last trial and all the subsequent proceedings. That at the Supreme Court, defendant's counsel again applied to complainant's counsel to join issue, stating that all was right, and that his associate counsel had joined issue, but that it was lost, and he only wanted it replaced; and also further stated that complainant's associate had admitted that the record was full and right. Misled and deceived by this statement and device complainant's counsel joined issue without examining the papers, and without suspecting any unfairness or improper advantage, until, in his argument before the Supreme Court,

he was stopped upon the ground that the bill of exceptions and record showed no proceeding or action in the Court below subsequent to the order granting the new trial, and by this means a judgment was obtained in the Supreme Court, reversing the judgment and order of the Court below, granting the new trial.

The bill further alleges, that defendant, Powell, availing himself of the advantage thus fraudulently obtained, is seeking to recover of plaintiff the said two negroes and their hire, and has instituted, for that purpose, his actions—one of trover, and the other of assumpsit. That complainant cannot successfully defend said actions at law by reason of the facts aforesaid, and prays that said actions be enjoined, &c.

To this bill defendant demurred. First, for want of equity. Second, that the remedy at law was ample and sufficient.

The Court sustained the demurrer and dismissed the bill. Whereupon counsel for complainant excepted and assigns as error said judgment.

Robert W. Simms, for plaintiff in error.

Warner; and McKinley, *contra.*

*By the Court.*—McDonald J. delivering the opinion.

This case was before this Court at February Term, 1854. It came up then on an exception to the decision of the Court below, allowing the defendant in that Court to enter up a judgment, *nunc pro tunc*, on the verdict which had been rendered in his favor, this Court having reversed the judgment of the Court below, which had granted a new trial in said cause.

This Court affirmed this last judgment, the effect of which was to annul the proceedings in the Circuit Court subsequent, to and consequent on the judgment of that Court granting a new trial. The defendant in the action having surrendered the negroes sued for, and having also paid the

hire recovered on the trial of the cause, before the reversal of the judgment ordering a new trial, now brings his actions to recover back the negroes and the money delivered and paid over on the annulled judgment. This bill is filed on the ground presented in the statement prefixed to this opinion, and prays a perpetual injunction of these actions. The bill was demurred to, the demurrer was sustained and the judgment of the Court below on the demurrer is excepted to and assigned as error.

The ground upon which the complainant presents his title to relief is, that he was misled and deceived by the statements and denials of the counsel of the opposite party, as set forth in the bill, and was thereby entrapped into a joinder of issue on the assignment of error in the cause when first brought to this Court, which, by the rules of practice of this Court at that time, amounted to a waiver of objections to a sufficiency of the record as sent up.

[1.] When a suitor presents himself to a Court of Chancery for relief from a contract on the ground of fraud or imposition, he must show a case in which he not only relied on the statements of the opposite party, but he must show that there was a necessity for it from causes deemed adequate by the Court. In a case like this, the same rule applies. Again, to be entitled to the relief sought, the party must show, not only that he was misled and deceived, but that he was endamaged thereby. If no damage resulted from the fraud, he is entitled to no relief. In other words, to apply the principle to this case; if in the case in which a reversal of the judgment of the Circuit Court on the motion for a new trial was sought, the entire record of the cause, including the last trial in which the verdict was for the plaintiff, had been sent up by the Clerk, and the judgment of reversal must, nevertheless, have been rendered, there could have been no damage resulting to the complainant from the alleged fraud of the counsel of plaintiff in error, there can be no ground for the interposition of a Court of Equity.

Testing the complainant's title to relief by these rules, it cannot be sustained. When the bill of exceptions was offered to the plaintiff's counsel for his acknowledgment of service, there was no necessity for his relying on the statements of the opposite counsel as to its contents. He ought to have examined it. The enquiry must have been made of counsel for plaintiff in error in relation to the bill of exceptions on which an acknowledgment of service was requested, and not to the transcript of the record. The transcript of the record is never made out until the bill of exceptions is filed, and that is never filed until notice or service of a copy on the opposite party or his counsel. The bill of exceptions does not contain the record, nor does it carry it up; it only contains, or rather specifies, the errors complained of in the decision or judgment of the Court; and it ought to contain, further, a brief of the oral and a copy of the written evidence adduced on the trial in the Court below. It is the duty of the party or his attorney complaining of the decision or judgment of the Court, to make out the bill of exceptions; and it is the duty of the Clerk to make out, certify and send up a complete transcript of the entire record of the cause below. When the counsel spoke of the record, therefore, on presentation of the bill of exceptions for the signature and certificate of the presiding Judge, or for the acknowledgment of service by the opposite party or his counsel, he must have spoken in reference to the bill of exceptions, and spoken of it, as it was *his* duty to make it out. If it specified with clearness the errors complained of in the judgment, and contained a brief of the oral and a copy of the written evidence adduced in the Court below, it was complete; and the bill in this case does not complain that it does not. The allegation of the bill is, that the bill of exceptions did not contain all the facts, and was partial and incomplete, and only set out the proceedings in the case up to the new trial; and was wholly silent as to the last trial and all the subsequent proceedings. The object of the bill of exceptions was

to have the judgment of the Court below granting a new trial, reviewed, and corrected if erroneous.   There was no complaint of error in the subsequent trial, and so far as the bill of exceptions was concerned, which it was the duty of the counsel to prepare, it was sufficient and full as to its purposes and objects, and it ought to have been silent as to the last trial and all the subsequent proceedings.

[2.] But it is said that the statement of the counsel prevented the party from looking into the transcript of the record, and suggesting a diminution thereof, which he would have done, on the ground that the record of the proceedings and trial, subsequent to the judgment of the Court ordering a new trial, was not sent up.   It is not entirely certain, although there was an intimation from some of the members of the Court, on the first impression, to the contrary, that it would not have been held, upon solemn investigation of the question, that the record, as sent up, was not all that was demanded by the law, being a complete transcript of the entire record of the cause below.   It will be remembered that the entire record of the cause up to and including the final judgment of the Court granting the new trial, was sent up, and that it was that judgment on which the error was assigned.   This seems to me to have been sufficient as a complete transcript of the entire record of *the cause* below, which was brought up by the plaintiff in error.

[3.] But if it was not, could the defendant in error have availed himself of a waiver or release of errors, otherwise than by plea?   I apprehend not.   The bill does not show that there was a plea, but on the contrary, that the counsel was insisting on the defence in this Court without a plea, by way of demurrer or argument.   He could not demur, for it was the bill of exceptions which alleged and specified the errors, and it was neither necessary nor proper that it should have set forth the proceedings subsequent to the final judgment on which the error was assigned.   The counsel could not have demurred to the transcript of the record; nor could

he have relied on matter therein contained as a waiver or release of errors without a plea. A release of errors necessarily admits the errors complained of, but sets up matter in avoidance. Such plea may, in its turn, be the subject of reply or demurrer.

[4] The bill before us does not allege that there was a waiver or release of errors by the plaintiff in error, in the judgment of the Court awarding a new trial. It gives a history of the proceedings in the Circuit Court and in the Supreme Court, and merely alleges, on that branch of the case, that the counsel for complainant was proceeding, in the Supreme Court, to rely on the progress of the case in the Court below, after the granting of the new trial, and the subsequent trial, as a waiver and release of errors in that judgment, when he was stopped on the ground that the bill of exceptions and record showed no such proceedings; and that this Court declared that if these proceedings had been sent up, it would have held that all errors in the judgment complained of were released thereby, and would have pronounced a judgment of affirmance. A declaration of this Court under such circumstances cannot settle the law, nor can it entitle a party to an equity when there is none without it—the declaration cannot be sustained by the law. We think, however, upon a deliberate consideration of this case, that there was no release of errors in that case by the defendant to this bill. The cause was not called up for trial at his instance, but in its order. He may not have had a good cause for continuance; and perhaps was not present, according to the bill, to make a showing. After the judgment was rendered in the cause, to pay it off, presented no impediment to his right to have the error in the judgment of the Court granting a new trial reviewed and reversed.

[5.] If the party was entrapped into a joinder of issue on the assignment of error by the misrepresentations of his adversary, he ought to have shown it to the Court and moved

to be allowed to withdraw it and suggest a diminution of the record.

[6.] It would be extremely dangerous to make it the foundation of a proceeding in Chancery, to upset the judgments of this Court, or to delay their execution, that counsel have misrepresented to the Court or the opposite counsel the contents of a bill of exceptions. It is the duty of both to examine them. The omission of a palpable duty ought never to be allowed as a ground of equity.

Judgment affirmed.