### BALDWIN *v.* WEBB.

1. In a suit by the keeper of a boarding-house, for board and lodging of defendant and others, where the defendant claims that the entertainment was by agreement to be furnished free of charge, a verdict for the plaintiff is not authorized unless the evidence shows that the defendant contracted to pay at an agreed price, or that the entertainment furnished was reasonably worth the amount found therefor, or that such amount was in accordance with the usual and customary rates charged by plaintiff.
2. Where there is no evidence from which the jury can determine the amount for which they should find, a verdict for any amount is unauthorized.

Argued November 16,—Decided December 10, 1904.

Appeal. Before Judge Fite. Catoosa superior court. May 30, 1904.

*Payne & Payne,* for plaintiff in error. *W. E. Mann,* contra.

SIMMONS, C. J. Suit upon an account for $74.65 was brought by Webb against Baldwin. On appeal from a justice's court, the case was tried in the superior court. From the evidence it appeared that Webb rented and kept a boarding house or hotel at Catoosa Springs. Baldwin purchased the property, and went there with his wife and several servants and employees for the

purpose of improving the condition of the property before he took charge of it. In the meantime Webb continued to run the place, and furnished board and lodging to Baldwin and the others of his party. Webb paid Baldwin no rent for the property. During this same period Webb received and entertained other boarders, collected from them the price of their entertainment, and retained all that he thus made out of his business. About six weeks after Baldwin purchased the property, Webb moved away and Baldwin took possession. Some ten days thereafter Baldwin and Webb had a settlement by which the former paid the latter for certain articles left on the place, Webb giving his receipt for such payment. This receipt was dated June 19, 1903. On July 17, 1903, plaintiff wrote defendant a letter in which he inclosed an account for $16.85. In his letter and at the foot of the account he stated that he made no charge for the board and lodging of defendant and Mrs. Baldwin. The letter also contained an unequivocal statement that the account was correct. On the account plaintiff also wrote the statement that he "guessed" the board of one Capt. Rockyback was to be charged to defendant. On the trial and in bringing the suit plaintiff claimed that defendant owed him on account $74.65. No indebtedness was incurred between the time of the rendition of the first account and the time of bringing suit upon the larger account. The account sued on contained all of the items embraced in the account rendered in July, but the prices were in several instances raised; the account sued on also contained a number of items not embraced at all in the earlier account, including a claim for the price of the board and lodging of Colonel and Mrs. Baldwin. So much of the evidence is undisputed. The plaintiff testified that the account sued upon was correct and unpaid, that Col. Baldwin had promised orally to pay board for himself, his wife, and the members of his party, and that the settlement had in June was not to cover all accounts, but only those enumerated. The receipt then given by him recited that it was "in full of all accounts," but he testified that this statement had been inserted in it after he had signed it and without his knowledge or consent. As to why he had, in July, rendered an account for an amount so much smaller than that which he subsequently claimed to be due him, plaintiff attempted no explanation. The defendant testified that he and

plaintiff had entered into an oral agreement whereby plaintiff was to be allowed to keep and run the boarding-house free of rent until defendant took charge of the place, in consideration for which plaintiff undertook to furnish defendant and his party with board and lodging without charge.    Defendant also testified that Capt. Rockyback and one or two others, whose board was included in the plaintiff's account, were not members of the party included in this agreement, and that defendant was in no way responsible for their debts and did not promise to pay for their entertainment.    Defendant also testified that the receipt of July 17 was signed by plaintiff just as it appeared on the trial, and was in full of all accounts and claims existing. at the time of its execution.    Defendant admitted two or three of the smaller items of the account, and one of them appeared, without dispute, to have arisen after the date of the June receipt.    In payment of this item defendant sent plaintiff a check for $2.00, but plaintiff testified that he had never received the check.    The jury returned a verdict in favor of the plaintiff for $66.40, principal, besides interest and costs.    The defendant moved for a new trial. The motion was overruled, and he excepted.

Assuming, as we must for the purposes of this case, that the evidence of the plaintiff was true, we still think that the verdict returned by the jury was without sufficient evidence to support it.    There was evidence to show that the defendant had agreed to pay for the board and lodging furnished himself and his party, but none that any rate was agreed upon.    There was no express agreement to pay at a specified rate, nor was there any agreed standard by which any definite rate could be ascertained.    It can not be said that the verdict was authorized on the idea that one who becomes a guest at an inn renders himself liable for his entertainment at the usual and customary rate of charges made by the innkeeper; for in the present case, even treating plaintiff as the keeper of an inn, there was no evidence as to what were the usual and customary rates charged by the plaintiff for the entertaiment of guests.    Nor was there any evidence as to what the entertainment furnished defendant and his party was reasonably worth.    Thus there was nothing from which the jury could determine the amount for which they should find for the plaintiff. In the absence of all evidence as to the amount for which defend-

ant was liable on the items for board and lodging, the jury was not authorized to find at all for the plaintiff on those items of the account. There were other items as to which there was evidence of the propriety of the amount charged, but the verdict was so large as necessarily to have been based in great part upon the items for board and lodging for which, as we have just shown, there could be no lawful finding for the plaintiff. We do not mean to intimate that the jury ought to have found for the plaintiff at all upon the disputed items of the account; for, in view of the evidence presented in the record, we can not understand how any impartial jury could have determined the case against the defendant. The plaintiff is claiming, under an express contract which he testified was made in May, an item which in July he had "guessed" was chargeable to defendant. He has increased the amount of items which he had formerly stated to be correct. He is suing for numerous items which were not included in the statement of account for the correctness of which he had so unequivocally vouched. His claim has grown nearly fivefold, and yet he offers no explanation whatever. His testimony does not seek to excuse the increase in his claims, and the record leaves a strong impression that the truth in this regard is probably inconsistent with the justice of plaintiff's claim. However that may be, we are clear that the evidence did not authorize a verdict for the amount found by the jury, and that the court below erred in not granting a new trial.

*Judgment reversed. All the Justices concur.*