60729. SMITH et al. v. BARFIELD.

BIRDSONG, Judge.

Trespass. Leonard and Rose Marie Smith are the owners of property in DeKalb County. To the rear of their property lies the contiguous property of Barfield and Fortman. Serving, in effect as a boundary between the rear of the Smith's lot and the rear of Barfield's and Fortman's lots, was a drainage ditch. The ditch began at the mouth of a culvert and followed the contour of the ditch. In the mid-1960's Barfield built a wall at the rear of his property which apparently caused a slight deviation in the direction of flow of water. However, Smith testified that during the late 1960's and early 1970's the water flow continued generally to follow the path of the established drainage ditch between the properties. Smith complained however that because Barfield and Fortman began to

place debris in the drainage ditch, the natural flow of the water was disrupted resulting in serious flooding upon his property. By his own testimonial insistence, Smith showed that this occurred between September, 1972 and May, 1973. As a result of the flooding, serious erosion occurred on Smith's property requiring corrective repairs.

In 1973 Smith sought to build a wall at the rear of his property to contain the flooding and minimize the erosion. He was told by his neighbors and DeKalb County that such a wall could not be built. As a result, Smith brought a declaratory judgment action seeking clarification as to whether he could build such a wall. The judgment was in his favor. Smith was given the right to build the wall to protect his property from flooding and erosion and his neighbors and DeKalb County were enjoined from interfering with the building of the wall. This judgment was entered in February, 1974. In August, 1976, the Smiths brought the present suit for damages incident to the flooding and erosion. The trial court, upon motion, directed a verdict for Barfield (Fortman and the Smiths settled out of court) on the ground that as to any damage as between Smith and Barfield prior to the date of the judgment of February, 1974, the claim was barred by the doctrine of res judicata and that the Smiths had not offered sufficiently specific evidence to allow a jury to distinguish between erosion occurring prior to February, 1974, and that which may have occurred after that date and before the present suit. Appellants bring this appeal enumerating five asserted errors by the trial court. *Held:*

1. The first and controlling issue presented by the enumerations is whether the doctrine of res judicata is applicable to all damages prior to February, 1974. We conclude that the rule recognized in *Kraft v. Forest Park Realty &c. Co.,* 111 Ga. App. 621, 627 (3) (142 SE2d 402) is dispositive of the question. At p. 629, this court stated: "The adding of a claim for damages which grows out of the same factual situation does not amount to the adding of a new or different cause of action. [Cits.] If, then, plaintiff could or should have included in the injunction suit his claim for damages he will not now be heard to assert it." It is not seriously contested (nor could it be) that there is a lack of identity of parties and causes of action or that the declaratory judgment was not adjudicated by a court of competent jurisdiction. See *Lewis v. Price,* 104 Ga. App. 473 (1) (122 SE2d 129). Thus we conclude that the trial court did not err in restricting the Smiths to showing damages which occurred after February, 1974.

2. Our review of the record and transcript shows that appellant Smith deliberately limited his evidence of damages to the time frame between September, 1972 and May, 1973. While he testified that

there was some minimal damage that occurred after February, 1974, this was in no way identified or quantified, for apparently Smith's wall reduced the continuing damage to a small amount. Thus, significantly, appellant declined to place any quantitative value or description on the damage occurring after February, 1974. In the face of this posture of the evidence, the trial court ruled that there was no competent evidence before the jury to enable it to assess damages occurring after February, 1974 and by the court's earlier ruling, damages prior to February, 1974 were barred by res judicata. Once again we agree with the conclusion of the trial court. Where a party sues for damages he has the burden of showing the amount of the loss in a manner in which the jury or the trial judge in a non-jury case can calculate the amount of the loss with a reasonable degree of certainty. *Hayes v. Flaum,* 138 Ga. App. 787 (227 SE2d 512); *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (62 SE2d 198). The question of damages cannot be left to speculation, conjecture and guesswork. *Development Corp. of Ga. v. Berndt,* 131 Ga. App. 277, 278 (205 SE2d 868). Appellant having testimonially discounted damages occurring after February, 1974, there was no supportive evidence even for a finding of nominal damages. *Baldwin v. Webb,* 121 Ga. 416 (2) (49 SE 265); see *Bennett v. Associated Food Stores,* 118 Ga. App. 711 (165 SE2d 581). In any event, he did not ask for nominal damages.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 28, 1981.

*Henry R. Stringfellow,* for appellants.
*George Dean, Frank J. Klosik, Jr.,* for appellee.