64053. FLORIDA ROCK INDUSTRIES, INC. v. SMITH et al.

BIRDSONG, Judge.

Mabel R. Smith in November, 1978, sued appellant Florida Rock Industries for damages and injunction in connection with appellant's alleged tortious conduct, including trespass and nuisance, in mining its rock quarry on land adjacent to hers. No hearing was called on the injunction issue. In April, 1979, while the 1978 suit was still alive, Mabel R. Smith, this time with her four adult children joining as plaintiffs, again sued appellant for essentially the past and continuing tortious conduct, and sought yet again an injunction. The Smiths alleged in this second suit that "another action has been filed by your petitioner Mabel Reese Smith, seeking damages, but the filing of said action has not caused an abatement of any activity by [Florida Rock]." In answer to this second suit, appellant asserted the prior pending action and prayed that the 1979 suit be abated or dismissed. At a hearing for injunction in the second

suit, the trial court orally ruled to abate the second suit (Code Ann. § 3-601) and consequently granted no injunction upon it. Within a month, in June, 1979, Mabel R. Smith and her four adult children filed a third suit against appellant alleging a continuing course of trespassory ills to their peace and property wrought by appellant in its rock quarry operations, claiming nuisance and seeking injunction. Appellant, in answering this third suit, again asserted the first suit was a prior pending action and prayed the third suit be abated; and also averred that the filing of all three suits constituted a multiplicity of suits and begged they all be consolidated. However, nothing was done in this regard until two years later in 1981, when Mabel R. Smith and her four adult children moved to add the four children as plaintiffs to the first suit, and stated that "there is a multiplicity of actions filed between movants and defendant, each seeking essentially the same relief." The Smiths moved to consolidate all their claims for damages and injunctive relief in the first suit and to dismiss the second and third suits. This, at last, was done by court order "without prejudice" to the Smiths' maintenance of the first suit.

To the "recasted" complaint of the first (and now only) suit, appellant counterclaimed for malicious use of process and malicious abuse of process, alleged the Smiths guilty of bad faith and stubborn litigiousness, and sought punitive damages and expenses of litigation. On the Smiths' motion, the trial court granted summary judgment against appellant Florida Rock on its counterclaim. *Held:*

1. Appellant had no cause of action for malicious use of process because the dismissed suits did not terminate in appellant's favor (see *Ferguson v. Atlantic Land &c. Corp,* 248 Ga. 69, 72 (281 SE2d 545), where the action against the defendant did terminate by summary judgment). The dismissal without prejudice or abatement of a suit for prior pending action is not a "termination of the suit in defendant's favor" which will support an action for malicious use of process, because it is not a judgment at law or dismissal reaching substantive right to the cause of action. It does not "vindicate" the defendant as to the subject matter of the suit. See *Taylor v. Greiner,* 156 Ga. App. 663, 664 (2) (275 SE2d 737), reversed on other grounds at 247 Ga. 526 (277 SE2d 13). The Smiths' causes of action are still as alive as ever, in the first suit. Malicious use of process is the bringing of a groundless suit for malicious purposes; it has no reference to the bringing of multiple suits, however harassful, for the same viable cause of action.

Moreover, appellant has not shown that its "person" was arrested or its property attached, nor has it plead or shown any special damages. *Taylor v. Greiner,* supra. Appellant's costs of

litigating the dismissed suits are not recoverable special damages in an action for malicious use of process, even if the suits would otherwise constitute malicious use of process. *Taylor v. Greiner,* supra.

2. Appellant did not have a cause of action for malicious abuse of process because the two superfluous suits were not instituted for a purpose the law did not intend, as in *Brantley v. Rhodes-Haverty Furniture Co.,* 131 Ga. 276 (62 SE 222), and as alleged in *Taylor v. Greiner,* supra. The dismissed suits may have been redundant harassments but they were instituted precisely to obtain the object sought by the Smiths' injunction.

3. Appellant does not have a cause of action for stubborn litigiousness and bad faith, either for "wanton and excessive indulgence in litigation" or for the appellees' having treated their claim or conducted their litigation in bad faith (*Tift v. Towns,* 63 Ga. 237, 242; *Georgia-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747, 753 (266 SE2d 531)), because the appellant's sole counterclaim in this case is for the redress of the Smiths' litigious harassment. Appellant does not have viable independent counterclaims asserting claims for relief independent of the assertion of the Smiths' harassment, litigiousness and bad faith in bringing their suits. Thus, appellant is not a true plaintiff in counterclaim so as to claim litigation expenses under Code Ann. § 20-1404, according to the rule in *Ballenger Corp. v. Dresco Mechanical Contractors,* 156 Ga. App. 425, 430-431 (274 SE2d 786).

4. If appellant has any remedy for the injury and expense it has sustained by the alleged unnecessary and harassful proliferation of lawsuits filed by the appellees on the same subject matter, perhaps it lies in equity. It is an old and treasured law that "for every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." Code Ann. § 3-105. We recognize by what we held in Division 3 of this opinion that the appellant, a defendant who has no substantive counterclaim, has no real remedy for the appellee's asserted litigiousness, except perhaps for an injunction at equity and except what Code Ann. § 3-601 provides by plea in abatement, but neither of these may adequately compensate appellant for the trouble and expense the appellees have caused. We think Judge Deen's analysis and ruling in *Ballenger,* supra, is excellent and true and that the fault lies with Code Ann. § 20-1404 itself, which takes the one-sided view that only plaintiffs have the right to be compensated for litigious harassment and that the defendant has no such right unless he becomes a true plaintiff himself. In effect, the statute negligently creates the right in a plaintiff to harass the defendant, or put the defendant to the

additional expense of enjoining or abating him from doing so.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 7, 1982.

*W. G. Scrantom, Jr., Richard A. Marchetti,* for appellant.
*James E. Butler, Jr.,* for appellees.