## 65149. NEWKIRK v. UNITED FEDERAL SAVINGS & LOAN ASSOCIATION.

BIRDSONG, Judge.

On the Cobb County Courthouse steps, appellant Newkirk bid on a piece of property being sold at foreclosure by United Federal Savings & Loan Association (United). The debt foreclosed on was $30,000. Evidence alleges the property was worth $70,000; Newkirk's successful bid was $35,000. The sale was later vacated and set aside by the Bankruptcy Court of the Northern District of Georgia as a result of a stay entered after Newkirk's bid was accepted but prior to Newkirk's actual payment for the property and delivery of the deed

to Newkirk.

Newkirk alleges fraud and shows, by evidence and affidavit: That at about 9:30 a. m. on the day of the foreclosure sale, the debtor's attorney called Garvis Sams, United's attorney and member of the board of directors, and after unsuccessfully offering a settlement of the debt, told Sams the debtor was immediately filing a petition for bankruptcy and advised Sams not to sell the property. Nevertheless, at 10:05 a.m., Sams proceeded to bid out the property for sale and accepted Newkirk's bid. The debtor's bankruptcy petition was in fact filed at 10:34 a.m. At about 11:00 a.m. the debtor's attorney called and told Sams that the bankruptcy petition had been filed, thus automatically staying any further action as to the subject property; the attorney told Sams not to transfer the property. At 11:45 a. m. Newkirk paid to Sams the $35,000 he had bid and received a deed under power from United, which Newkirk filed of record at 12:15 p.m. At no time did Sams tell Newkirk about the threatened and consummated bankruptcy stay. Subsequently, the bankruptcy court set aside the sale to Newkirk, although Newkirk himself unsuccessfully · entered the bankruptcy proceedings to enjoin the stay. Newkirk sued United for fraud, seeking $72,500 damages.

The trial court granted summary judgment to the defendant bank, saying that United had "negated essential elements of plaintiff's claim and . . . is entitled to summary judgment as a matter of law." On appeal, the appellee United essentially contends that appellant Newkirk has shown no fraud because the circumstances did not rise to the level of fraud, that United had no duty to tell Newkirk of the bankruptcy matter or of the "threatening" telephone calls received from some stranger representing herself as the debtor's attorney, and that Newkirk has shown no damage, an essential element of fraud, because the bank eventually returned his $35,000 to him. *Held:*

The trial court did not err for the reasons stated in its ruling, and as contended by the appellee bank.

An essential element of actionable fraud of any kind is damage. *Foster v. Sikes,* 202 Ga. 122, 125 (42 SE2d 441); *Lankford v. Trust Co. Bank,* 141 Ga. App. 639 (234 SE2d 179). The appellant Newkirk was refunded by the bank the $35,000 he had bid and paid for the property, and that is all he was entitled to. Any other alleged damages, concerning Newkirk's loss of potential profit according to the actual value of the property, is a profit too remote and speculative to form the basis of any recovery. *The Hip-Pocket v. Levi Strauss & Co.,* 144 Ga. App. 792 (242 SE2d 305). Any "damage," as in expense he sustained as a result of pursuing his claim in bankruptcy court as against a bona fide bankruptcy stay, was the result of his own

business and legal decision to pursue the claim in bankruptcy court and was not proximately caused by any action of the bank. He was not forced by the bank or the bank's actions to pursue a claim in bankruptcy court for the property; the bank restored him to his original position and the decision to pursue the property into bankruptcy court for a potential profit was his own, and not the proximate result of any actions of the bank. See *Woods v. Wright,* 163 Ga. App. 124, 126 (292 SE2d 545).

We deem it unnecessary to consider any other possible issues raised by the evidence in this case, as the trial court was correct in granting summary judgment to the bank for the reasons just stated.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 12, 1983 —
REHEARING DENIED FEBRUARY 3, 1983 — 

*Casper Rich, Douglas R. Daum,* for appellant.
*David P. Hartin,* for appellee.