## 65961. METROPOLITAN TRACTOR, INC. v. SAMPLES GRADING COMPANY, INC.

SHULMAN, Chief Judge.
Appellant sued appellee on a lease-purchase agreement. Appellee raised several defenses and a counterclaim for malicious use of process, malicious abuse of process, and attorney fees. Appellant filed a motion for summary judgment and a motion to dismiss the counterclaim, but failed to appear at the hearing on those motions. Both motions were denied. Appellant again filed a motion for summary judgment and a motion to dismiss the counterclaim. At the

hearing on those renewed motions, the trial court ruled that appellant's motion for summary judgment was barred by res judicata and that appellee's counterclaim was cognizable under Georgia law.

1. The trial court erred in refusing to consider, upon the merits, appellant's second motion for summary judgment. The first denial of summary judgment was not res judicata. "[I]t is within the discretion of a trial judge to consider a renewed motion for summary judgment even without an expansion of the record." *Premium Distributing Co. v. Nat. Distributing Co.,* 157 Ga. App. 666, 667 (278 SE2d 468). "Where the trial judge has a legal discretion to exercise yet fails to exercise that discretion, resting his decision instead solely upon a point of law, a reversal will result." *Strother v. C. & S. Nat. Bank,* 147 Ga. App. 140, 141 (248 SE2d 204). Since the trial court's reliance on a point of law indicates that it did not exercise its discretion to consider appellant's renewed motion for summary judgment on the merits, the case is remanded to that court for such a determination.

2. Appellee counterclaimed for malicious use of process, malicious abuse of process, and attorney fees. The trial court correctly dismissed appellee's counterclaim for malicious use of process. An allegation of malicious use of process cannot be the subject of a counterclaim, because " 'no man can say of an action still pending that it is false or malicious.' [Cit.]" *Gordon v. West,* 129 Ga. 532, 535 (59 SE 232).

It was error, however, for the trial court to refuse to dismiss appellee's counterclaim for malicious abuse of process, which was premised solely on the institution and maintenance of this action. An allegation of malicious abuse of process for the mere issuance of the summons and complaint cannot serve as a predicate for a counterclaim. *Medoc Corp. v. Keel,* 152 Ga. App. 684 (263 SE2d 543).

With regard to appellee's claim for attorney fees, "[t]he general rule is that expenses of litigation, including attorney's fees, are not recoverable by a litigant against the opposite party except in those cases which are specifically provided for by contract or by statute. [Cit.]" *Hickman v. Frazier,* 128 Ga. App. 552 (197 SE2d 441). Appellant does not allege a contractual provision for the payment of attorney fees, and therefore OCGA § 13-1-11 (Code Ann. § 20-506) does not apply. OCGA § 13-6-11 (Code Ann. § 20-1404) provides for the payment of attorney fees for a defendant's bad faith, stubborn litigiousness, or causing unnecessary trouble and expense. However, this statute is not available to a defendant. *Fla. Rock Indus. v. Smith,* 163 Ga. App. 361 (3) (294 SE2d 553).

It follows from the authorities cited above that the trial court erred in failing to dismiss appellee's counterclaim for malicious abuse of process and for attorney fees.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 23, 1983.

*Charles M. Gisier,* for appellant.
*Luke Frank Gore, Roger L. Curry,* for appellee.