## 67535. BARNES v. WHITE COUNTY BANK.

CARLEY, Judge.

Appellant brought suit against appellee-bank, alleging that it had wrongfully cashed a cashier's check payable to him and another without verifying the endorsement or the authority of the person to whom the funds were disbursed. Appellee answered and counterclaimed for punitive damages and the expenses of litigation, including attorney's fees. The counterclaim alleged that the appellant's complaint was unfounded and without merit, and had been filed for the purpose of unjust harassment of appellee. The counterclaim also alleged that appellant had been stubbornly litigious and had put appellee to the undue trouble and expense of filing its answer and counterclaim. A further allegation of the counterclaim was that, prior to the date the instant suit against appellee was filed, appellant was aware that the proceeds of the check had been disbursed properly, and that appellant's cumulative conduct "constitute[d] acts of fraud perpetrated by [appellant] against [appellee], for the purpose of unjustly enriching [appellant] to the detriment of [appellee]." In the alternative, the counterclaim prayed that, if appellee had no adequate remedy at law, then equity should intervene to protect it against the attorney's fees and costs incurred in its defense of appellant's suit.

Appellant moved to dismiss appellee's counterclaim on the ground that it failed to state a claim upon which relief could be granted. The trial court denied the motion to dismiss, ruling that appellee's counterclaim had affirmatively alleged a claim of fraud independent of the lawsuit brought by appellant, and that, as a result, appellee was authorized to seek a recovery of attorney's fees under OCGA § 13-6-11. The trial court certified its order for immediate review, and this court granted appellant's application for an interlocutory appeal to determine whether appellant's motion to dismiss the counterclaim was properly denied.

At the outset, we note that appellee's claim for punitive damages has efficacy only if there is a valid claim for actual damages to which it could attach. Punitive damages may not be recovered where there is no entitlement to compensatory damages. *Daiss v. Woodbury*, 163 Ga. App. 88 (293 SE2d 876) (1982).

"With regard to appellee's claim for attorney fees, '[t]he general rule is that expenses of litigation, including attorney's fees, are not recoverable by a litigant against the opposite party except in those cases which are specifically provided for by contract or by statute. [Cit.]' [Cit.] [Neither of the parties herein alleges] a contractual provision for the payment of attorney fees, and therefore OCGA § 13-1-11 (Code Ann § 20-506) does not apply. OCGA § 13-6-11 (Code Ann. § 20-1404) provides for the payment of attorney fees for a defendant's bad faith, stubborn litigiousness, or causing unnecessary trouble and expense. However, this statute is not available to a defendant. [Cit.]" *Metropolitan Tractor v. Samples Grading Co.*, 167 Ga. App. 102, 103 (306 SE2d 68) (1983). Nonetheless, attorney's fees may be sought by a defendant who asserts a separate cause of action against the plaintiff by way of counterclaim. "The underlying policy of [OCGA § 13-6-11] barring a defendant from transforming a plaintiff's case into that defendant's damage suit for having been sued in no manner relates to cases wherein the defendant has asserted a viable, independent claim against the plaintiff . . . [W]hen a defendant asserts a claim for relief independent of a claim for litigation expenses incurred in defending against a plaintiff's case-in-chief, [OCGA § 13-6-11] does not automatically operate to bar any recovery by the defendant of litigation expenses incurred in prosecuting such an independent claim." *Ballenger Corp. v. Dresco Mechanical Contractors*, 156 Ga. App. 425, 432 (274 SE2d 786) (1980). Thus, appellee's claim for attorney's fees and litigation expenses is viable only if appellee is a true "plaintiff in counterclaim." See generally *Fla. Rock Indus. v. Smith*, 163 Ga. App. 361 (294 SE2d 553) (1982).

Appellee's allegations concerning appellant's bad faith and lack of just cause in filing the instant suit "may be deemed to set forth a claim for malicious use of process; however, a claim for malicious use of process in a civil action may not be asserted by counterclaim in that action but must await its termination. [Cit.]" *Household Finance Corp. v. Gilley*, 167 Ga. App. 195 (306 SE2d 85) (1983). See also *Medoc Corporation v. Keel*, 152 Ga. App. 684 (263 SE2d 543) (1979).

The only other substantive allegation of appellee's counterclaim is that of fraud. However, "[a]n essential element of actionable fraud of any kind is damage. [Cits.]" *Newkirk v. United Fed. Savings &c. Assn.*, 165 Ga. App. 311, 312 (299 SE2d 183) (1983). The only damages alleged by appellee are the expenses it has incurred as the result of defending the instant lawsuit. Such damages are unrelated to any fraud allegedly perpetrated by appellant prior to the filing of his complaint, and they cannot support appellee's fraud claim.

The gravamen of appellee's allegations is that it has been required to defend itself against an allegedly spurious claim asserted by appellant. While in an independent context those allegations might

be deemed to state a claim for malicious use of process, such a claim cannot be predicated upon appellant's mere filing of the main action and therefore cannot be made as a counterclaim in the subject lawsuit. Appellee cannot avoid this rule of law merely by characterizing its claim for expenses incurred in defending against appellant's claim as one which is based upon fraud. Appellee's legal remedy is to await the conclusion of the instant litigation, and, if appropriate, then to pursue its claims concerning malicious use of process and stubborn litigiousness in a separate action. Since this legal remedy is available to appellee, there is no cause for the intervention of equity. Compare *Fla. Rock Indus.*, supra.

Our review indicates that appellee is not a true "plaintiff in counterclaim" and is not entitled to the relief sought by virtue of its status as defendant in the instant case. The trial court erred in denying appellant's motion to dismiss appellee's counterclaim.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED APRIL 11, 1984.

*Robert E. Andrews*, for appellant.
*Charles B. Brown*, for appellee.