71978. STOVALL TIRE & MARINE, INC. v. PRANCE BODY
& FENDER WORKS et al.
(347 SE2d 313)

McMURRAY, Presiding Judge.

Plaintiff purchased a boat from defendant. The boat has a fiberglass hull covered by an outer layer of a substance referred to as "Gel-Coat." Several months following the purchase of the boat plaintiff discovered that the "Gel-Coat" covering of the hull was "cracking and blistering." Plaintiff returned the boat to defendant seeking repair of the problem. Defendant made repairs and returned the boat to plaintiff.

Three months later plaintiff discovered a further problem with blistering of the "Gel-Coat" finish. Plaintiff contacted defendant regarding this problem but defendant declined to make any further repairs.

Following defendant's refusal to make further repairs plaintiff filed this action stating several theories for recovery, only two of which were submitted to the jury. The jury was instructed as to plaintiff's claims on a theory of implied warranty of merchantability and on a theory of fraud. Although the jury was not given any instructions requiring a special verdict, there was no objection to the form of the verdict which clearly shows that the verdict in favor of plaintiff was predicated upon plaintiff's fraud claim, as the jury found "that the boat was misrepresented at the time of sale as a new boat, rather than a demo . . ." Defendant appeals. *Held*:

Defendant raises 12 enumerations of error. However, we only need to address the denial of defendant's motion for directed verdict (at the close of plaintiff's evidence) as to plaintiff's fraud claim.

Even if we presume that plaintiff has presented evidence authorizing a jury to conclude as plaintiff has alleged, that the boat was not new but had been run in the water by defendant in boat shows and that plaintiff justifiably relied upon the representation of the defendant that the boat was new, there is no evidence of any damage resulting therefrom. " 'Fraud without damage, or damage without fraud, gives no cause of action, but when these two concur an action lies.' *Green v. Bryant*, 2 Ga. 66, followed in *Brooke v. Cole*, 108 Ga. 251, 252 (33 SE 849); [OCGA § 51-6-1]. See also *Foster v. Sikes*, 202 Ga. 122 (42 SE2d 441)." *Motors Ins. Corp. v. Morgan*, 117 Ga. App. 654,

657 (3) (161 SE2d 382). See also *Newkirk v. United Fed. Savings &c. Assn.*, 165 Ga. App. 311, 312 (299 SE2d 183); *Bigby v. Powell*, 25 Ga. 244 (1), and *Freeman v. McDaniel*, 23 Ga. 354.

In the case sub judice, the applicable measure of damages on plaintiff's fraud claim is the difference between the value of the boat at the time of its purchase and the value which the boat would have had if it had been as represented (i.e., new, rather than having been used as a demonstrator at a boat show). See *Millirons v. Dillon*, 100 Ga. 656 (2) (28 SE 385); *Rustin Oldsmobile v. Kendricks*, 123 Ga. App. 679 (182 SE2d 178).

Plaintiff has presented evidence of the actual purchase price of the boat. Opinion testimony was presented as to the actual value of the boat at the time of the purchase. However, this opinion testimony (as to actual value at time of purchase) was predicated upon the problems with the "Gel-Coat" finish on the hull and there was no testimony associating a reduced actual value at the time of plaintiff's purchase of the boat with plaintiff's reliance upon defendant's representation that the boat was new. In other words, there was no evidence of a causal connection between the fraudulent misrepresentation (that the boat was new) and the damages shown by plaintiff's evidence. See in this regard *Gem City Motors v. Minton*, 109 Ga. App. 842 (1c) (137 SE2d 522), and *Rainwater Constr. Co. v. O'Connor*, 129 Ga. App. 334, 336 (2) (199 SE2d 605).

"Where a party sues for damages he has the burden of showing the amount of the loss in a manner in which the jury or the trial judge in a non-jury case can calculate the amount of the loss with a reasonable degree of certainty. *Hayes v. Flaum*, 138 Ga. App. 787 (227 SE2d 512); *Studebaker Corp. v. Nail*, 82 Ga. App. 779, 785 (62 SE2d 198). The question of damages cannot be left to speculation, conjecture and guesswork. *Development Corp. of Ga. v. Berndt*, 131 Ga. App. 277, 278 (205 SE2d 868)." *Smith v. Barfield*, 157 Ga. App. 231, 233 (276 SE2d 899). There being no evidence from which the jury could determine the amount for which they should find, a verdict for any amount was not authorized on plaintiff's fraud claim. *Baldwin v. Webb*, 121 Ga. 416 (2) (49 SE 265). The trial court erred in denying defendant's motion for directed verdict as to the fraud claim.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED JUNE 24, 1986.

*Albert B. Wallace*, for appellant.
*Paul Koehler, Todd K. Maziar*, for appellees.