75314. COUNCIL v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.
(368 SE2d 167)

CARLEY, Judge.

Appellant initiated this action against appellee pursuant to OCGA § 45-19-20 et seq., the "Fair Employment Practices Act of 1978." The special master found in favor of appellant. Appellee appealed to the superior court. The superior court reversed the award of the special master. Appellant's application for a discretionary appeal to this court was granted.

1. Among the reasons given by the superior court for reversing the award of the special master was that the special master's findings of fact did not support the conclusion that appellee had engaged in an unlawful practice with regard to the employment of appellant. The superior court's order reflects that its determination that there was insufficient evidentiary support for the special master's findings of fact as to that legal issue was based upon a thorough and extensive review of the record of the hearing before the special master. It would be erroneous, however, to construe the extent to which the superior court's order contains a discussion of the evidence which was before the special master as evincing the superior court's failure to apply the "any evidence" standard. The record clearly shows that the superior court applied that correct standard when it reviewed the award of the special master. What the superior court did was to elect not to limit itself merely to a holding *that* the special master's award was erroneous, but to go further and to explicate *how* the special master had erred. Thus, the superior court's order does not contain only its bare legal determination that, as to several factual issues, the special master's findings of fact represented an erroneous mischaracterization of the evidence which had been adduced as to those issues. The supe-

rior court's order goes further and indicates what the true characterization of the evidence as *relevant* to those factual issues would be. In indicating that the evidence *did in fact* show as to certain factual issues, the superior court was not undertaking to *substitute* its findings of fact for those which had been reached by the special master. By demonstrating what the evidence as to those issues did show, the superior court was merely explaining its legal determination as to the erroneous mischaracterization of the special master's findings.

Our review of the record shows that the superior court was correct in its conclusion that the special master's findings were without probative evidentiary support and that it is the superior court's determination as to the evidentiary posture of the case that is the correct one. Accordingly, the judgment of the superior court reversing the award of the special master for a lack of probative evidence and entering judgment in favor of appellee is affirmed.

2. Any remaining contention that the superior court's reversal of the award of the special master was erroneous is moot by virtue of our holding in Division 1.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Sognier, Pope, and Beasley, JJ., concur. McMurray, P. J., Banke, P. J., and Benham, J., dissent.*

BENHAM, Judge, dissenting.

Because I am convinced that the majority has misconstrued the superior court's order and the record on which that order was based, I must dissent from its judgment affirming the superior court's reversal of the special master's award.

1. The superior court found that the evidence did not support the findings of fact in the special master's award. Looking at Georgia statutory provisions and federal law, our Supreme Court concluded in *Dept. of Human Resources v. Montgomery,* 248 Ga. 465 (284 SE2d 263) (1981), that the ultimate standard of review to be applied by a superior court in reviewing such an award is the "any evidence" rule. My review of the evidence leads me inexorably to the conclusion that the superior court here did not apply that standard, but engaged instead in a de novo review of the evidence and drew its own conclusions from the evidence before it, then cloaked those conclusions in findings that there was no evidence to support the special master's award. Although the evidence before the special master would not have supported a directed verdict for appellant, it certainly would not have justified one for appellee, either. The superior court's holding that there was no evidence to support the award in appellant's favor was erroneous.

2. The superior court stated as a conclusion of law that appellant did not establish an adverse employment action and a causal link be-

tween such an action and some protected status. It is clear, however, that the conclusion was merely a finding of fact in the guise of a conclusion of law. In fact, the evidence was sufficient to show the existence of adverse employment action in the form of reprimands and harassment, and a causal link to appellant's previous participation in an employment discrimination claim in the form of her superior's comments to appellant and her co-workers on that previous claim.

In another conclusion of law the superior court held that appellant did not prove constructive discharge. Again, that is a finding of fact, and an erroneous one. Appellant's evidence authorized a finding that the situation at her job was made intolerable and, in fact, made her sick. That evidence was sufficient to show a constructive discharge.

3. The superior court noted that employers may not treat employees differently because of any status protected by Title VII, but held that no such status was shown here because appellant was not claiming discrimination on account of race, color, religion, sex, or national origin. That conclusion ignores the prohibition in Title VII against discrimination on account of participation in a protected activity such as a discrimination claim. See *Smith v. Georgia*, 684 F2d 729 (11th Cir. 1982). Appellant's showing in that regard was sufficient.

4. The superior court held that the denial by the Department of Labor Appeals tribunal of appellant's application for unemployment compensation collaterally estopped appellant from claiming that she had been constructively discharged. In support of that holding, the superior court's order cites *Pantex Towing Corp. v. Glidewell*, 763 F2d 1241 (11th Cir. 1985), and sets out a number of criteria to be met in order to find collateral estoppel. One of those criteria is that the issues must be identical. The issues in this case were not the same as those in the unemployment compensation hearing. For example, the basis on which appellant was disqualified for unemployment compensation was a finding that "she did not exercise every recourse to that of quitting. . . ." There is no such requirement in Title VII. Since the issues were different, appellant is not collaterally estopped by the earlier decision.

5. The award of the special master was that appellant be reinstated in appellee's employ at the same grade she held before, and that she be reimbursed for her lost wages. The second part of that award is clearly an award of back pay. The superior court held that appellant had not produced sufficient evidence to justify any award of damages at all. I disagree.

OCGA § 45-19-38 authorizes an award of back pay, and provides that it shall be reduced by interim earnings, unemployment compensation, workers' compensation benefits, and amounts earnable with

reasonable diligence. The superior court took the position that appellant bore the burden of proving what the amount of the back pay would be. However, every piece of information necessary for the calculation of appellant's back pay is in the hands of appellee, her employer and custodian of her pay records. And appellant obviously had no burden of proving by what amount the award of back pay should be reduced by interim earnings, etc.; if appellee wanted to pay less than the full amount which would have been paid to appellant but for her constructive discharge by appellee, the burden is on appellee to prove the amount by which the award should be reduced. The evidence relied upon by appellee and by the superior court was elicited from appellant on cross-examination, and consisted of her testimony that she had held several temporary and part-time jobs since leaving appellee's employ. Her testimony did not, however, specify the number of hours she worked at the various jobs, or provide direct evidence of what she could have earned with due diligence. As the superior court correctly pointed out, the question of damages cannot be left to speculation, conjecture, or guesswork. *Stovall Tire &c. v. Prance Body &c. Works*, 179 Ga. App. 483, 484 (347 SE2d 313) (1986). Since the evidence offered by appellee did not provide a basis for accurate calculation of the amount by which back pay should be reduced, the special master was correct in awarding appellant full back pay, and the superior court erred in reversing the award of damages.

In summary, I find that the evidence in this case authorized the findings and conclusions of the special master, and the superior court erred in substituting its judgment for that of the special master and in concluding that the special master had not applied the correct law to the facts of the case. For that and the other reasons stated above, I would reverse the superior court's reversal of the special master's award. I must, therefore, dissent to the majority's holding to the contrary.

DECIDED MARCH 18, 1988 —
REHEARING DENIED MARCH 31, 1988 —

*Jack L. Cooper*, for appellant.
*Michael J. Bowers, Attorney General, Patrick W. McKee, Senior Assistant Attorney General, H. Jeff Lanier, Assistant Attorney General*, for appellee.